[No. 38063.    En Banc.    February 23, 1967.]

THE STATE OF WASHINGTON, *Appellant*, v. GARY RICHARD RIDGLEY, *Respondent.**

*Charles O. Carroll* and *John M. Watson,* for appellant.

*E. Paul Schumann,* for respondent (Appointed counsel for appeal).

OTT, J.—This appeal presents a single issue: Does the state have a right of appeal and a trial de novo in the superior court from a judgment of acquittal entered in the justice court following a trial on the merits? We answer the query in the negative.

*Reported in 424 P.2d 632.

The cause is before this court upon agreed facts. May 16, 1964, Gary Richard Ridgley was arrested and charged in the justice court of King County with the crime of contributing to the delinquency of a 17-year-old boy by "drinking intoxicants in the presence of and also encouraging said minor to drink intoxicating liquors." Defendant entered a plea of not guilty.

The cause was tried to the court sitting without a jury. After hearing all of the evidence offered by both the state and the defendant, the case was submitted to the court for its determination on the merits. The court ordered the case dismissed on the grounds of insufficient evidence. From the order of dismissal, the state gave notice of appeal to the superior court. The defendant moved that the appeal be dismissed for the reason that the defendant, having been acquitted after a trial on the merits in the justice court, could not be retried for the same offense in the superior court. The court granted the motion to dismiss, holding that the appeal was barred by Const. art. 1, § 9. From the entry of the order of dismissal, the state has appealed.

■ Const. art. 1, § 9, provides: "No person shall . . . be twice put in jeopardy for the same offense." The fifth amendment to the United States Constitution provides: ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb, . . . ."

When the words used in the state constitution are similar to the words used in the Constitution of the United States, the same interpretation will be given to the state constitution as is afforded to the United States Constitution by the United States Supreme Court. *State v. Schoel*, 54 Wn.2d 388, 341 P.2d 481 (1959), and cases cited.

The United States Supreme Court, in construing the constitutional bar against double jeopardy held: "Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erro-

neous." *Green v. United States,* 355 U.S. 184, 188, 2 L. Ed. 2d 199, 78 Sup. Ct. 221, 61 A.L.R.2d 1119 (1957).

■ The Supreme Court further held that the prohibition of the double jeopardy clause is "not against being twice punished, but against being twice put in jeopardy"; and that one is placed in jeopardy in a jury case when the jury is impanelled and sworn in. *Downum v. United States,* 372 U.S. 734, 10 L. Ed. 2d 100, 83 Sup. Ct. 1033 (1963). In a nonjury case, an accused person is placed in jeopardy when he has been subjected to a charge and the court has begun to hear evidence. *Clawans v. Rives,* 104 F.2d 240 (D. C. Cir. 1939), 122 A.L.R. 1436.

In *Kepner v. United States,* 195 U.S. 100, 49 L. Ed. 114, 24 Sup. Ct. 797 (1904), the United States Supreme Court held that a statute granting the state the right of appeal from a judgment of acquittal, after trial on the merits, is invalid.

In *State v. Williams,* 57 Wn.2d 231, 356 P.2d 99 (1960), this court held that one who asserts the bar of double jeopardy under Const. art 1, § 9, must affirmatively establish (1) that he has previously been placed on trial for the same offense and (2) that the court of the former trial was one of competent jurisdiction to hear and determine the merits of the cause. In this regard we said:

> In order for a plea of double jeopardy to be invoked, it is incumbent upon a defendant to show that he has been previously placed on trial before a court of competent jurisdiction upon an indictment or information for the same offense. *People v. Conson,* 72 Cal. App. 509, 237 Pac. 799. The term "jeopardy," as used in the constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when he is put on trial before a court of competent jurisdiction under an indictment sufficient in form and substance to sustain a conviction. *Ex parte Kirk,* 96 Okla. Crim. 272, 252 P. (2d) 1032; *Holt v. State,* 160 Tenn. 366, 24 S. W. (2d) 886; 15 Am. Jur. 40, § 360.

All of the elements establishing double jeopardy are here present. (1) The defendant was previously charged in justice court with the same offense, that of contributing to the delinquency of a minor, and (2) the justice court is a

constitutional court of limited jurisdiction and competent to hear and determine the merits of the offense charged.

■ Applying the tests announced by the United States Supreme Court and by this court, as they relate to the constitutional bar against double jeopardy, we hold that the constitutional prohibition against double jeopardy bars an appeal to the superior court by the state from an acquittal of the accused after a trial on the merits in a justice court proceeding.

The appellant relies on *State v. Brunn*, 22 Wn.2d 120, 154 P.2d 826, 157 A.L.R. 1049 (1945). The *Brunn* case is not here apropos. It determines solely that when a trial judge usurps the province of the jury and dismisses a criminal case as a matter of law, the state has a right of appeal from the alleged erroneous dismissal of the criminal charge. The rule announced in the *Brunn* case does not apply to the issue in this case which involves the state's alleged right of appeal following an acquittal of an accused person after a trial on the merits.

Finally, the appellant contends that by the adoption of J Crim. R 4.11, RCW vol. 0, this court has by court rule authorized an appeal and trial de novo in the superior court after a trial on the merits in the justice court. We do not agree. The rule applies only to *motions* made in justice court and the title to the rule so indicates.

The appellant admitted in oral argument that no motions were made by either party and the cause was determined by the trial court on its merits. The cited rule is not here apropos.

For the reasons above stated, the judgment of dismissal is affirmed.

HILL, DONWORTH, WEAVER, ROSELLINI, HUNTER, HAMILTON, and HALE, JJ., concur.

FINLEY, C. J., concurs in the result only.