[No. 1745-3.   Division Three.   January 20, 1977.]

THE CITY OF SPOKANE, *Respondent*, v. RAYMOND A. LEWIS, *Appellant*.

792

Munson, C.J., concurs by separate opinion.

*Edward E. Shaw* and *Cooney & Cooney,* for appellant.

*Richard F. Wrenn, Corporation Counsel,* and *Ron A. Mamiya, Assistant,* for respondent.

Green, J.—Raymond A. Lewis appeals convictions for operating a motor vehicle in a negligent manner and driving a motor vehicle while under the influence of or affected by the use of intoxicating liquor.

The sole issue is whether the Superior Court erred in denying defendant's motion to dismiss, based on double jeopardy, after the same charges had been dismissed in the City of Spokane Municipal Department of the Spokane County District Court for the City's failure to prove that the crimes occurred within that court's territorial jurisdiction.[1] We answer in the negative, but reverse and remand because of a misinterpretation and application of a procedural rule.

JCrR 4.11 provides:

Motions for directed verdict are abolished and motions for judgment of dismissal are substituted in their place. The court either on motion of a defendant, or on its own motion, shall order entry of judgment of dismissal of one or more offenses charged by complaint if, after the evidence on either side is closed, the court concludes as a matter of law that such evidence is not sufficient to sustain a judgment of conviction of such offense or offenses. If a defendant's motion for judgment of dismissal at the close of the prosecution's case-in-chief is not granted, the defendant may offer evidence without having reserved

---

[1] The court also denied the City's motion to reopen.

the right. *If defendant's motion is granted, the state shall have the right to appeal from the court's ruling.*
(Italics ours.) The defendant moved to dismiss at the close of the City's case because it failed to establish the situs of the crimes. Since venue is not an element of the crime (*see State v. Hardamon*, 29 Wn.2d 182, 186 P.2d 634 (1947)), the granting of such a motion is not a determination on the merits but rather a recognition by the district court that as a matter of law the City has failed to prove a jurisdictional prerequisite, *i.e.*, the situs of the crime. It is not a judgment of acquittal. Consequently, the ruling comes within the purview of JCrR 4.11 and is properly reviewable.

█   Historically, the appellate jurisdiction of the superior court over the justice court was invoked in one of two manners: (1) by writ of review, or (2) by appeal. *Cf., State ex rel. Clark v. Hogan*, 49 Wn.2d 457, 303 P.2d 290 (1956); *see State ex rel. Foley v. Yuse*, 191 Wash. 1, 70 P.2d 797 (1937); *e.g.*, RCW 35A.20.040, RCW 35.22.530. The former manner was utilized if errors or irregularities occurred prior to a decision on the merits, because appeal to the superior court required that the cause be tried de novo without reference to whether irregularities occurred. *Seattle v. Buerkman*, 67 Wn.2d 537, 540-41, 408 P.2d 258 (1965). While the use of the word "appeal" in the justice court rules generally implies the right to a trial de novo for the appealing party, *e.g.*, *State v. Miller*, 59 Wn.2d 27, 29, 365 P.2d 612 (1961), its use in JCrR 4.11 does not permit such an implication because of the parameters of the writ which the rule replaces; for should the district court weigh the evidence at the close of the prosecution's case and find it wanting as a matter of law, a trial de novo in superior court would constitute double jeopardy. *State v. Ridgley*, 70 Wn.2d 555, 557, 424 P.2d 632 (1967). Because it is our duty to give a statute, ordinance, or rule the construction which sustains its constitutionality, even though it might be susceptible to different interpretations (*cf., Swanson v. White*, 83 Wn.2d 175, 517 P.2d 959 (1973)), the scope of

trial on the prosecution's appeal under JCrR 4.11 cannot be de novo.

Consequently, the court erred in conducting a trial de novo. Instead, it should' have determined what evidence was before the district court at the time of defendant's motion and then decided whether the court erred in (1) failing to take judicial notice of the situs of the alleged violations, or (2) failing to permit the City to reopen. *See Seattle v. Buerkman, supra.* If error occurred, the judgment of dismissal should be vacated and the matter remanded for completion of trial. If there is no error, the judgment of dismissal should be affirmed.

The Superior Court conviction is reversed and the case is remanded for disposition in accordance with this opinion.

McINTURFF, J., concurs.

MUNSON, C.J. (concurring specially)—Article 1, section 9 of the Constitution of the State of Washington states in part: "No person shall . . . be twice put in jeopardy for the same offense."

In *State v. Ridgley,* 70 Wn.2d 555, 557, 424 P.2d 632 (1967), the court stated:

> In *State v. Williams,* 57 Wn.2d 231, 356 P.2d 99 (1960), this court held that one who asserts the bar of double jeopardy under Const. art. 1, § 9, must affirmatively establish (1) that he has previously been placed on trial for the same offense and (2) that the court of the former trial was one of competent jurisdiction to hear and determine the merits of the cause.

It is undenied that this defendant has met these criteria.

*State v. Buckman,* 51 Wn.2d 827, 828, 322 P.2d 881 (1958), held, however, that:

> A dismissal of the action for lack of jurisdiction is a discontinuance of the action "otherwise than by an acquittal of the defendant by a jury." Accordingly, by the express terms of our rules on appeal, the state has a right of appeal.

In adopting JCrR 4.11, it appears the Supreme Court also

had in mind *State v. Brunn*, 22 Wn.2d 120, 137, 154 P.2d 826, 157 A.L.R. 1049 (1945), wherein it stated:

> It was also completely within the power of one man, the trial judge . . . to give complete and perpetual immunity to any criminal on trial before him *by granting a challenge to the sufficiency of the evidence* at the close of the state's case. . . . We think that the wording of the act plainly indicates that its dominant purpose was to abolish the finality of *one-man* acquittals.

(Citations omitted. Italics mine.)

Notwithstanding the above, I do not believe it was the intention of our Supreme Court, in adopting JCrR 4.11 to allow the prosecution, against whom an order of dismissal had been entered because of a failure to prove a jurisdictional fact, to appeal to the superior court and, in a trial de novo, fill in the missing fact so as to secure a conviction. Whatever may be the merits and the philosophy surrounding the rule, they most certainly are not that a trial in a court of limited jurisdiction is a "dress rehearsal" during which the prosecution may learn the limitations of its case and then fill in the evidentiary gaps in order to obtain a conviction in superior court.

Thus, I concur with my brethren that the only issue in the City's "appeal" was whether the district court judge abused his discretion in granting the dismissal for failure to prove a jurisdictional fact. *Jarstad v. Tacoma Outdoor Recreation, Inc.*, 10 Wn. App. 551, 519 P.2d 278 (1974).

Petition for rehearing denied February 14, 1977.

Review denied by Supreme Court June 28, 1977.