[No. 44758. En Banc. September 15, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD ALESHIRE, *Appellant.*

68

*John M. Wolfe,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* and *David L. Edwards, Chief Criminal Deputy,* for respondent.

BRACHTENBACH, J.—Defendant appeals a second–degree assault conviction. We affirm. Four issues are raised: (1) speedy trial; (2) double jeopardy; (3) amendment of the information; and (4) self–defense instructions.

Defendant and another man entered a tavern and tried to buy beer. Not being satisfied with their proof of age, the bartender refused to sell to them. After defendant addressed profanity to the bartender, he was asked to leave by a tavern patron. Defendant and his companion attacked the patron, first with their fists and then with pool cues. The bartender went to the patron's assistance and he, too, was struck and kicked. Both victims required medical treatment, the bartender being hospitalized for 7 days.

First, on the speedy trial matter, CrR 3.3 requires trial within 60 days of the preliminary appearance if a defendant is in custody, as was appellant. Defendant, in fact, was brought to trial within 60 days, but that proceeding ended in a mistrial when a juror became seriously ill and defendant refused to continue with 11 jurors. The retrial began 115 days after the preliminary appearance. Prior to, and at the second trial, defendant moved to dismiss for failure to try him within the 60–day rule period.

CrR 3.3 does not address the problem of a retrial if the initial "speedy trial" ends in a mistrial. Defendant argues, without specific case authority, that the retrial must occur within the original time limits. He relies solely upon our rule rather than any constitutional ground. To require the retrial within the original time limits would place an impossible burden upon the prosecution and trial courts. One only need envision a trial beginning on the permissible 60th day. The defendant's contention would make the initial trial an all or nothing situation. If it were at or close to the time deadline, it would give the defendant every reason to provoke a mistrial.

Within what time must the retrial occur? Some courts have allowed the time for retrial to be set within the discretion of the court, *e.g., Ruester v. Turner,* 250 So. 2d 264 (Fla. 1971). We believe it preferable that certainty prevail by adopting a definite time period for the retrial. That period should be the same applicable period set for the original trial. And, the time for retrial should commence running from the date of the mistrial. Thereafter, all provisions of CrR 3.3 should be applicable. Other courts have reached comparable results. *State v. Wright,* 234 N.W.2d 99 (Iowa 1975); *State v. Fromkin,* 174 Neb. 849, 120 N.W.2d 25 (1963). And such a rule is recommended by the ABA standards for speedy trial, upon which CrR 3.3 is based. *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial* §§ 2.1, 2.2(c) (Approved Draft, 1968).

However, the State should not be allowed to circumvent a defendant's right to speedy trial. Such right should not be prejudiced if, by misconduct, the prosecutor deliberately causes a mistrial. We have no such issue in this case.

The second issue is whether double jeopardy occurred. This point was raised by the Court of Appeals prior to certification to this court. The facts leading to this question are that after the mistrial and more than 60 days after the preliminary appearance, defendant moved for a dismissal for failure to try him within 60 days. After argument, the trial court took the motion under advisement. Thereafter the judge wrote to counsel stating that he felt that the case had to be dismissed for failure to comply with CrR 3.3. The letter concluded with this phrase: "The case is dismissed." No journal entry was made; no order was entered. Three days later, after having additional facts submitted, the trial judge reversed himself and allowed commencement of the trial.

Defendant contends that the court's letter was a final order dismissing the case and subsequent trial put him in double jeopardy. He relies principally upon *State v. Bastinelli,* 81 Wn.2d 947, 506 P.2d 854 (1973). That case is distinguishable. It involved a trial to the court, *on the merits.* The judge orally announced that he found the defendant not guilty and the same day entered and signed a journal entry that defendant was not guilty. We held that that action terminated the matter and the court could not reconsider. We pointed out that the journal entry was made without reservation and not subject to further proceedings. Here, further proceedings would ensue routinely. Either a journal entry or more likely and preferably a formal order would have been necessary to terminate the matter. The orderly administration of justice should not be predicated upon letters to counsel.

This has been the long established rule in civil and criminal cases in this state. *See Chandler v. Doran Co.,* 44 Wn.2d 396, 267 P.2d 907 (1954); *State v. Mallory,* 69 Wn.2d 532, 419 P.2d 324 (1966). We find no reason to

change the rule, even in a criminal case, particularly where the issue was solely a procedural one.

■ The third issue is alleged error in permitting the amendment of the information. The original and the amended information charged second–degree assault. The first information alleged that the assault was committed by "inflicting grievous bodily harm" upon another. The amended information alleged that the assault was committed "with a weapon or other instrument [pool cues] likely to produce bodily harm."

The amendment occurred 30 days before the retrial. Defendant in his brief and in oral argument, was not able to point out any specific prejudice. Such prejudice is an essential ingredient of reversible error in allowing an amendment of the information. Our rules provide that "[t]he court may permit any information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." CrR 2.1(d). A like principle is declared in *State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968).

■ Finally, defendant urges error for the failure of the court to instruct on self–defense. There was no error. An instruction not warranted by the evidence need not be given. *E.g., State v. Jamerson,* 74 Wn.2d 146, 150, 443 P.2d 654 (1968).

It is true that defendant in a statement to the police, before his arrest, admitted joining in the tavern fracas. However, when defendant testified in his own behalf, he expressly repudiated his statement, claiming it was untrue and given solely for the purpose of covering up for his friend, the other participant. Defendant then explicitly and expressly denied that he had hit anyone with a pool cue or with his fists. One cannot deny that he struck someone and then claim that he struck them in self–defense. Defendant was not entitled to self–defense instructions.

The conviction is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.