[No. 2442-3.   Division Three.   November 8, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. KENNETH MOTYCKA, *Respondent.*

*C. J. Rabideau, Prosecuting Attorney,* and *Irene Cleavenger, Deputy,* for appellant.

*Critchlow, Williams, Ryals & Schuster* and *Michael E. de Grasse,* for respondent.

MUNSON, C.J.—At the end of the defendant's case, the trial court granted the defendant's motion for dismissal finding that the evidence was insufficient to support the charge. The State appeals. We affirm without reaching the primary issue on appeal because a retrial would be a violation of the double–jeopardy clause of the federal and state constitutions. RAP 2.2(b).[1]

The defendant was employed by the Pasco Fire Department. On November 11, 1976, he took a day of sick leave; in fact he was not sick, but went to Oregon to confer with his estranged wife. Before he was permitted to return to work, his supervisor informed the defendant he must have a sick and injury report. When he returned to work he submitted a report upon which a physician's name had allegedly been forged. The defendant subsequently admitted the doctor had not signed the report; defendant later resigned his position.

---

[1] "(b) **Appeal by State or a Local Government in Criminal Case.** The State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:"

The State charged him with forgery (RCW 9A.60-.020(1)(a)),[2] and with third–degree theft (RCW 9A.56-.050(1)) for obtaining $107.83 in sick pay as a result of the alleged forgery. A jury was empaneled and trial began. At the conclusion of the State's case the defendant moved to dismiss; the motion was denied. At the conclusion of the defendant's case the motion was renewed and the court granted the motion as to the forgery charge, stating:

> I believe, however, it is still the rule that a document which is the basis for a felony forgery conviction would have to be one that has legal efficacy . . .
>
> Now, what bothers me in this and that is one of the crucial points in the case where you are charging somebody with a felony, he must have notice and notice to the employee I think is essential to demonstrate the legal nature and reliance of that particular document.
>
> Here, we have neither any promulgated operational procedure to give notice or any historical course of action which would have made the Defendant aware and put him on notice. Therefore, in my opinion, the document does not carry such legal efficacy as would be the basis of prosecution of forgery.

The forgery charge was then dismissed.[3]

The State contends that the requirement under the former forgery statute, RCW 9.44.020 (Laws of 1909, ch. 249, § 331, p. 990), is that the State prove the defendant forged a written instrument which, if genuine, would affect some legal right, *State v. Haislip,* 77 Wn.2d 838, 467 P.2d 284 (1970); *State v. LaRue,* 5 Wn. App. 299, 487 P.2d 255, 65 A.L.R.3d 1299 (1971), but that RCW 9A.60.020(1)(a) provides a broader definition of forgery than did the former statute.

The defendant contends, however, that even assuming arguendo that the trial court erred, the State is barred from

---

[2] "(1) A person is guilty of forgery if, with intent to injure or defraud:

"(a) He falsely makes, completes, or alters a written instrument . . ."

[3] The State then moved to dismiss the attempted theft charge with prejudice so as not to jeopardize its right to appeal. The trial court granted that motion and that charge is not before us.

appealing because if this court were to hold the trial court erred, the defendant would be put again in jeopardy for the same offense contrary to the fifth amendment to the United States Constitution and article 1, section 9, of the Washington State Constitution. We agree and affirm without reaching the State's only contention.

The fifth amendment to the United States Constitution is applicable to the states under the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 793, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). As broadly stated in *North Carolina v. Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, 2089 (1969), the double–jeopardy clause protects against (a) a second prosecution for the same offense after acquittal; (b) a second prosecution for the same offense after a conviction; and (c) multiple punishments for the same offense. Here we must determine whether the trial court's dismissal amounted to acquittal because RAP 2.2(b) states:

> The State or a local government may appeal in a criminal case . . . only if the appeal will not place the defendant in double jeopardy:

*Cf.* 18 U.S.C. § 3731 (1969), which contains a similar provision applicable to the United States.

As stated in *Arizona v. Washington,* 434 U.S. 497, 503, 54 L. Ed. 2d 717, 98 S. Ct. 824, 829 (1978):

> The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal. The public interest in the finality of criminal judgments is so·strong that an acquitted defendant may not be retried even though "the acquittal was based upon an egregiously erroneous foundation." See *Fong Foo* v. *United States,.* 369 U. S. 141, 143 [82 S. Ct. 671, 672, 7 L. Ed. 2d 629 (1962)].

As further noted in *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 51 L. Ed. 2d 642, 97 S. Ct. 1349, 1354 (1977), the court stated:

> [W]e have emphasized that what constitutes an "acquittal" is not to be controlled by the form of the judge's action. . . . [but] whether the ruling of the judge, whatever its label, actually represents a resolution, correct or

not, of some or all of the factual elements of the offense charged.

In *United States v. Scott*, 437 U.S. 82, 97, 57 L. Ed. 2d 65, 98 S. Ct. 2187, 2197 (1978), the court, again relying on *Martin Linen Supply*, noted that an "appeal will be barred only when 'it is plain that the District Court . . . evaluated the Government's evidence and determined that it was legally insufficient to support a conviction.'" *Scott* specifically overruled *United States v. Jenkins*, 420 U.S. 358, 43 L. Ed. 2d 250, 95 S. Ct. 1006 (1975).

■ It is readily apparent from this record that the trial court, after evaluating the evidence, found that it was insufficient and granted a dismissal with every intention of ending this prosecution on the charge of forgery. It would have permitted the charge of attempted theft to go to the jury, but granted the State's motion for dismissal. Thus, we find that even if the trial court's ruling was egregiously erroneous the dismissal was entered as an acquittal, *Sanabria v. United States*, 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978), and hence falls within the prohibition of an appeal pursuant to RAP 2.2(b).

The order of dismissal is affirmed.

GREEN and ROE, JJ., concur.

Reconsideration denied December 21, 1978.

Review denied by Supreme Court March 16, 1979.