[No. 5378–1. Division One. November 26, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. MERLE R. MCCLELLAND, *Appellant*.

*Robert C. Boruchowitz* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant appeals from his conviction of grand larceny arising out of the theft of a purse containing $635 from the lounge of the Hilton Inn on Pacific Highway South in King County.

The testimony of the witnesses was stipulated and the case tried to the court.

During the course of the trial judge's oral decision, he initially expressed doubt as to the sufficiency of the evidence to convict. Without adjourning court, however, he continued on to hear additional arguments and finally concluded that there was sufficient evidence and found the defendant guilty.

The appeal presents one principal issue.

## ISSUE

Under the circumstances presented, did the trial judge's initial expression of doubt concerning the sufficiency of the evidence against the defendant constitute an acquittal, thus rendering the defendant's subsequent conviction violative of the federal and state constitutional prohibitions against double jeopardy?

## DECISION

CONCLUSION. The defendant was tried but once and his conviction is affirmed.

■ For centuries, there has been ingrained in the jurisprudence of most civilized societies, including our own, a moral sentiment opposed to the idea of trying an accused more than once for a single crime.

The double jeopardy prohibitions in our federal and state constitutions embody that concept, and express the just and self–evident social policy that a person who has been tried and acquitted should be able to leave that phase of life behind and plan for the future without apprehension of renewed prosecution or additional punishment. U.S. Const. amend. 5; Const. art. 1, § 9.

Our State Supreme Court has expressed the reasons underlying the constitutional guaranty against double jeopardy as follows:

> The essence of this guarantee is that no person may be forced to twice "run the gantlet" for an alleged offense. *Green v. United States*, 355 U.S. 184, 190, 2 L. Ed. 2d 199, 78 S. Ct. 221, 6 A.L.R.2d 1119 (1957). In *Green* at page 187, the court explained the rationale for this rule:
>> The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*State v. Roybal*, 82 Wn.2d 577, 579, 512 P.2d 718 (1973). All of that is entirely different, however, from holding that when a judge before whom a case is tried finds a defendant guilty, enters findings of fact and conclusions of law to that effect and then pronounces sentence, if any words gleaned from the judge's oral decision can be construed as amounting to language of acquittal, then the conviction, judgment and sentence must be dismissed on double jeopardy grounds.

■ Here the trial judge in his oral decision reasoned aloud to his final decision. That is to be commended, not discouraged, since "the reason of a resolution is more to be considered than the resolution itself." *Cage v. Acton*, 88 Eng. Rep. 1327, 12 Mod. 288, 294 (K.B. 1699). Furthermore, in giving respective counsel the benefit of the court's

reasoning, all counsel were provided with the opportunity to present additional argument and input into the trial court's ultimate decision. That, too, is beneficial to the cause of justice.

When a trial court's oral decision concludes with a clear finding that the defendant is guilty, as this one did, any language which may be construed to the contrary in an earlier part of that same oral decision does not amount to acquittal or constitute former jeopardy. Nothing in the history or traditions of the constitutional prohibitions against double jeopardy suggest such a result.

■ Negative findings are not required to support a trial court's dismissal of a criminal action for insufficiency of the evidence, but in order to be final, the action taken must signal an end to the case. *State v. Bastinelli*, 81 Wn.2d 947, 506 P.2d 854 (1973). *See also State v. Motycka*, 21 Wn. App. 798, 586 P.2d 913 (1978). The following observation of Justice Hale in his concurring opinion in *Bastinelli, supra* at 955 is pertinent:

> Made as they were by the trial judge at the conclusion of the evidence and immediately preceding an adjournment without reservation or advisement or continuance, the court's declaration, in my opinion, constituted an affirmative finding by the judge as the trier of the facts that the evidence had not proven the accused guilty. At that juncture, it was as though a jury had returned its good and sufficient verdict of not guilty.

In the case before us, however, the following sequence occurred. The trial court in discussing the stipulated evidence with the prosecuting attorney and defense counsel said:

> It would be my decision that the matter be dismissed, primarily with the doubts raised with regard to it in light of the way the stipulation developed stemming from the Court's earlier findings which were modified, for good reason, and without the development of a trial of the facts that I think are key in connection with the findings here, and I think to some extent are bottomed on the aftermath of testimony which the Court found ultimately

not admissible, and which would have been, I think, presented in a substantially different posture had the suppression been granted beforehand and were we able to go to trial on this issue.

The deputy prosecuting attorney responded:

Now, well—okay, I don't see any reason to go into it any further. I would request that written findings and conclusions, and a formal order of dismissal be entered, so that the State may evaluate its position and possibly take the matter up on appeal.

It is apparent that no one took these remarks as a final determination of the case, because there was no adjournment and the discussion between court and counsel continued. Nothing in the record indicates that the defendant, who was present, left. The court was still in the decision-making process.

The record does show some indication that the clerk in attendance may have made some notes concerning the above quoted statements of the trial judge, which notes may have been subsequently erased. Should that have occurred, it would do no more than reflect the actions of the judge in arriving at his ultimate decision, which was a finding of "guilty." Furthermore, as the trial judge noted,

I did not instruct the clerk to write any notes, nor did I approve those notes as an entry. I don't believe that the decision of the court is the final one until there is something officially lodged under my direction in the court records.

The situation in *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977) was similar to that presented here. There the trial judge wrote a letter to counsel concluding with the words "[t]he case is dismissed" and then 3 days later changed his mind. In concluding that there was no double jeopardy, the State Supreme Court held:

Either a journal entry or more likely and preferably a formal order would have been necessary to terminate the matter. The orderly administration of justice should not be predicated upon letters to counsel.

*State v. Aleshire, supra* at 70. So it is in the present case. Here there was neither a journal entry of acquittal nor a formal order of acquittal.

*State v. Bastinelli, supra,* which is cited by the defendant, does not support the defendant's position. In *State v. Aleshire, supra,* the court referred to *Bastinelli* and distinguished it as follows:

> The judge orally announced that he found the defendant not guilty and the same day entered and signed a journal entry that defendant was not guilty. We held that that action terminated the matter and the court could not reconsider. We pointed out that the journal entry was made without reservation and not subject to further proceedings. Here, further proceedings would ensue routinely.

*State v. Aleshire, supra* at 70. Similarly, there was no journal entry here and further proceedings would also ensue routinely.

A recent case in point is *United States v. Baker,* 419 F.2d 83 (2d Cir. 1969), in which the trial court granted the defendant's motion for acquittal and then shortly thereafter reconsidered and reinstated the charge. In concluding that this did not constitute double jeopardy, the second circuit held:

> In the case before us, no final judgment of acquittal was ever entered, and certainly [the defendant] was not subjected to the harassment of successive prosecutions. Nor did the prosecution seek a delay in order to obtain a more favorable opportunity to convict. The only prejudice [the defendant] suffered is psychological; his hopes were first raised, then quickly lowered. But so ephemeral and insubstantial an injury is not proscribed by the Constitution.

*United States v. Baker, supra* at 89. So it also is in the present case. Here there was no delay by the prosecuting attorney and the defendant was not subjected to the harassment of successive prosecutions. As in *Baker,* it is true that the defendant's hopes may have been raised momentarily, but that did not violate his constitutional

rights in any way.

This is simply a case where the trial judge in his oral decision initially indicated one way but finally decided another. It is not the first time that a conscientious judge has been persuaded by reason and logic to change his or her mind, nor will it be the last. The language of the double jeopardy clause of the state and federal constitutions and the sound reasons of public policy underlying them do not prohibit what happened here. U.S. Const. amend. 5; Const. art. 1, § 9. The defendant did not have to run the gauntlet twice. He was tried once and convicted once.

The defendant also argues that there was insufficient evidence to support his conviction. We have reviewed the findings of fact and conclusions of law entered by the trial court. They are sufficient to sustain the conviction and are supported by the record.

Affirmed.

WILLIAMS, J., concurs.

DORE, J. (dissenting)—The only issue here on appeal is whether the trial judge, having initially acquitted the defendant in open court, can change his mind and find him guilty minutes later without violating the double jeopardy clauses of our state and federal constitutions.

At the initial trial, the defendant was convicted of grand larceny, but his conviction was set aside after the trial court granted his motion to suppress evidence. At the conclusion of the second trial, tried on a stipulated record, the court and counsel engaged in extensive discussion of whether the evidence in the stipulation was sufficient to convict the defendant. The verbatim report of proceedings contains the following colloquy of the trial court:

It would be *my decision* that the *matter be dismissed,* primarily with the *doubts* raised with regard to it in light of the way the stipulation developed stemming from the Court's earlier findings which were modified, for good reason, and *without the development of a trial of the*

*facts that I think are key* in connection with the findings here, and I think to some extent are bottomed on the aftermath of testimony which the Court found ultimately not admissible, and which would have been, I think, presented in a substantially different posture had the suppression been granted beforehand and were we to go to trial on this issue.

And that isn't to say that there wouldn't have been elaborated testimony to accomplish it, *but I am just uncomfortable,* given the earlier ruling, *finding guilt on the brief sketches of testimony that we have.*

(Italics mine.)

The prosecuting attorney's immediate response was to contest the court's conclusion, but he quickly acknowledged that the court had made a final decision of acquittal of the defendant, saying:

I don't see any other conclusion that the Court could reach from the stipulation, there's no stipulation that any witnesses would have testified to the contrary. For what it's worth, the State would have gone on with the actual trial after the suppression even had the Court granted the suppression at that point, based on the evidence that the State had in the balance. And that was the basis of the stipulation.

Now, well—*okay, I don't see any reason to go into it any further. I would request that written findings and conclusions, and a formal order of dismissal be entered, so that the State may evaluate its position and possibly take the matter up on appeal.*[1]

(Italics mine.)

---

[1]The most fundamental rule in double jeopardy jurisprudence is that the State may not obtain appellate review of a verdict of acquittal. *Sanabria v. United States,* 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978); *United States v. Ball,* 163 U.S. 662, 671, 41 L. Ed. 300, 303, 16 S. Ct. 1192, 1195 (1896). Findings of fact and conclusions of law are, therefore, unnecessary after an acquittal. *See State v. Bastinelli,* 81 Wn.2d 947, 949, 506 P.2d 854 (1973). A state appeal is allowed only when a dismissal is entered on defendant's motion on grounds unrelated to factual guilt or innocence or when a successful appeal presents no threat of successive prosecutions and requires only a reinstatement of a guilty verdict upon remand. *United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978); *United States v. Wilson,* 420 U.S. 332, 334–45, 352–53, 43 L. Ed. 2d 232, 242, 246–47, 95 S. Ct. 1013 (1975). If the proceedings in the instant case had ended at this point, the State could not have appealed.

MR. BORUCHOWITZ [Defense attorney]: I will be happy to prepare the order. Could we select a date for presentation of the findings, Your Honor?

THE COURT: Excuse me, Mr. Boruchowitz.

MR. MAIMON: [Prosecuting attorney]: And there is an indication, incidentally, that the checks that the defendant tried to pass were the same traveler's checks that belonged to Roberta Jean Clark, that were taken from her purse.

The parties commenced a new discussion of the evidence, and several minutes later the trial court reevaluated the case and found the defendant guilty, saying:

I think that the material on Pages 4 and 5, and the inferences of the departure and so forth, I think warrant the finding of guilty in that regard, and I would so find, subject to any authority which might be presented as to the quality of traveler's checks as a subject matter of reaching the value. But I think with the linking up, it seems to me that that's satisfied.

Defense counsel then inquired whether the court was overruling its remarks earlier, and the trial court stated:

Well, yes. I am overruling them, and changing them. I was going back through Page 5, and I think we focused in one paragraph excessively. The thing that was resolved in the bottom two paragraphs of Page 5 of the stipulation.

It is the defendant's contention that the trial court acquitted him and that the double jeopardy clauses of the fifth amendment to the United States Constitution and Washington Constitution article 1, section 9 prevented the trial court from reconsidering its previous acquittal and finding him guilty.

## DOUBLE JEOPARDY

This specific double jeopardy question was reserved for future decision when the Supreme Court held in *State v. Bastinelli,* 81 Wn.2d 947, 949, 506 P.2d 854 (1973), that double jeopardy bars reconsideration of a final and determinative order of acquittal. In *Bastinelli,* the State moved for reconsideration 3 weeks after an oral acquittal was final because the judge signed the court's journal which reflected

the acquittal. Being final, the State was barred from seeking reconsideration of the acquittal.

In the recent case of *State v. Noll*, 19 Wn. App. 368, 370–71, 575 P.2d 738 (1978), this court held that a new trial could not be granted to the State after a dismissal was entered for insufficiency of the evidence at the close of the prosecution's case.[2] Double jeopardy applied because the trial court had weighed the evidence. *State v. Noll, supra; cf. Spokane v. Lewis,* 16 Wn. App. 791, 559 P.2d 581 (1977). *Bastinelli* and *Noll* mandate that if the judge's oral statement was a final and determinative order of dismissal based upon a weighing of the evidence, it was an acquittal which could not be reconsidered.[3]

> [W]hat constitutes an "acquittal" is not to be controlled by the form of the judge's action . . . Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.

(Footnote and citations omitted.) *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349 (1977).

We are not persuaded by the State's argument that the lack of a written judgment or journal entry evidencing an acquittal permits reconsideration of the oral dismissal.

---

[2]While *Noll* relied partially on *United States v. Jenkins,* 420 U.S. 358, 43 L. Ed. 2d 250, 95 S. Ct. 1006 (1975), which has recently been overruled in *United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978), there is nothing in *Scott* which overrules cases finding double jeopardy applicable when factual elements of the offenses have been resolved by the trier of fact. *United States v. Scott, supra; Sanabria v. United States,* 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977). *United States v. Baker,* 419 F.2d 83 (2d Cir. 1969), was wrongly decided to the extent it permitted reconsideration of a final and determinative order of dismissal based upon a weighing of the evidence.

[3]*State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977), cited by the State, is not on point. It upheld the right of a judge to reconsider his dismissal for lack of a speedy trial and *did not concern* a dismissal which was based upon a weighing of the evidence.

[A] verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offence . . .

*United States v. Sisson,* 399 U.S. 267, 289–90, 26 L. Ed. 2d 608, 624, 90 S. Ct. 2117 (1970), *citing United States v. Ball,* 163 U.S. 662, 671, 41 L. Ed. 300, 303, 16 S. Ct. 1192, 1195 (1896). We agree with the concurrence in *State v. Bastinelli, supra* at 956 (Hale, C.J., concurring), wherein this standard was proposed:

A finding by the court as the trier of fact, without a jury, when read conclusively into the record in such a manner as to indicate that it is neither tentative nor made with reservation or advisement nor subject to further consideration or proceedings in the same case, will support a judgment of acquittal or dismissal.

From the record it is undisputed that the trial court initially acquitted the defendant. The trial court's decision of acquittal was reached only after an extensive discussion of the facts and permissible inferences from such facts. The judge, in his opinion, stated that his doubts arose from the brief sketches of testimony remaining after certain evidence was held inadmissible. His oral statement was neither inadvertent, tentative, nor was it made subject to further consideration or advisement. Upon hearing the judge's ruling, the clerk of the court noted in writing that the charge had been dismissed.[4] Even the prosecuting attorney concluded that the judge had entered a final order of acquittal, and openly discussed the possibility of an appeal by the State. The fact that immediately after the decision the prosecutor, without the invitation of the trial court, thought of another argument does not permit the judge to change his mind. This is not a case where the trial court, after a tentative expression of doubt, reasoned to a clear finding of guilty.

---

[4]The verbatim report of a post–trial hearing reflects that both counsel and the trial court agreed that the clerk's note of dismissal was made, but was subsequently crossed out. Consequently, there is no record of a dismissal in the formal journal entry.

If the defendant had left the trial court immediately after being acquitted in the subject case, all would agree that the trial judge could not have convicted him in absentia some 5 minutes later. Surely the constitutional guaranty against double jeopardy is not so transitory as to be dependent on whether a defendant leaves the courtroom immediately after being acquitted or whether he delays for a few minutes to thank his attorney or put on his overcoat. The constitution does not permit a jury to return a verdict acquitting a defendant, then 5 minutes later after a second deliberation, determine that they made a mistake and find the same defendant guilty. The same prohibition applies to a trial judge when he performs the fact–finding function of a jury.

Once the defendant is acquitted, all further proceedings must end.[5]

CONCLUSION

The origin of the constitutional right of a citizen to not be tried twice for the same offense was rooted in the Magna Carta and later became part and parcel of our national and state constitutions. To be meaningful, this constitutional right must be enforced by our courts. When a defendant is acquitted of a crime, no judge later shall have jurisdiction to find an innocent man guilty.

In the subject case, the trial court's ruling was made after months of proceedings and deliberations. The court, after a complete trial, found the defendant guilty. Subsequently the defendant moved for a new trial, claiming the court failed to suppress certain evidence. Several weeks later the court, having reevaluated the evidence, concluded it had erred and set aside the court's "guilty" verdict.

Weeks later the second trial commenced on a stipulated record. After more deliberations and arguments, and having all the evidence in mind (accumulated from two trials

---

[5]*Pugh v. State*, 271 Md. 701, 319 A.2d 542 (1974), for a similar analysis under similar facts.

extending over many months) the trial court openly stated it had "doubts"[6] and dismissed the case.

The trial court first found defendant "guilty," then set its verdict aside. Then it found the defendant "not guilty," then a few minutes later it found him "guilty" again. This it cannot do because of the double jeopardy protection of both the state and federal constitutions.

Defendant McClelland was acquitted and there is no constitutional way the trial judge can later find him guilty of the same offense.

I would dismiss the case.

Reconsideration denied January 22, 1980.

Review denied by Supreme Court March 21, 1980.

---

[6]In a criminal case, if the trier of the facts, after having heard all the evidence, has a reasonable doubt as to the guilt of a defendant, as a matter of law, he must find the defendant "not guilty." RCW 9A.04.100; *State v. Tyree*, 143 Wash. 313, 255 P. 382 (1927).