[No. 48280–2.   En Banc.   January 6, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES T. DOWLING, *Appellant.*

primary cause of the damage as unrelated to the explosion. Transcript of Proceedings, at 43.

*Hal E. Sheets* and *William Crawford* (of *Crawford, McGilliard & Yelish*), for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Linda C. Krese, Deputy,* for respondent.

*G. William Shaw* on behalf of the Society of Counsel Representing Accused Persons, amicus curiae for appellant.

DORE, J.—We reverse and dismiss the defendant's theft conviction, as it violates the double jeopardy clauses of the United States and Washington State Constitutions.

On August 3, 1979, 11–year–old James Dowling was taken to the Kitsap County Sheriff's office where he signed a statement admitting to the theft of a purse. At the conclusion of the Kitsap County Superior Court case against Dowling, the defense moved to dismiss. On November 14, 1979, the court granted defendant's motion to dismiss, concluding that pursuant to RCW 9A.04.050 defendant was presumed incapable of committing a crime and the State had not presented sufficient evidence to overcome that presumption. The State filed a motion to reconsider, and on March 12, 1980, the judge found the defendant guilty of theft. On April 16, 1980, the court entered a formal order wherein it granted the State's motion for reconsideration, set aside its dismissal order, and found the minor defendant guilty of theft.

The double jeopardy clause protects a citizen from being placed in the hazardous position of standing trial more than once for the same offense. *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957). If the appellate court reverses a conviction and remands for a new trial, the double jeopardy clause is ordinarily not offended. *United States v. Tateo,* 377 U.S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587 (1964). Nor is the protection offended when the first trial is on a defective information. *State v. Burns,* 54 Wash. 113, 102 P. 886 (1909).

However, if an appellate court reverses a conviction based upon insufficiency of the evidence, a retrial is not permissible. *Hudson v. Louisiana,* 450 U.S. 40, 67 L. Ed. 2d 30, 101 S. Ct. 970 (1981); *Burks v. United States,* 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978).

■ The United States Supreme Court addressed the question of double jeopardy in *United States v. Scott,* 437 U.S. 82, 91, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978) when it stated:

> To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that "even though innocent he may be found guilty." *Green,* 355 U. S., at 188.

*See also Sanabria v. United States,* 437 U.S. 54, 68–69, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978). An acquittal is defined by the Supreme Court as a resolution, correct or not, of some or all of the factual elements of the offense charged. *Lee v. United States,* 432 U.S. 23, 30 n.8, 53 L. Ed. 2d 80, 97 S. Ct. 2141 (1977); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977).

The trial court's original ruling on the presumption of incapacity may have been erroneous. As the *State* sought a different judgment, however, the dismissal on November 14, 1979, operated to bar resubjecting the defendant to jeopardy. As the Supreme Court stated in *United States v. Scott, supra* at 98:

> [A] factual finding *does* "necessarily establish the criminal defendant's lack of criminal culpability," *post,* at 106 (Brennan, J., dissenting), under the existing law; the fact that "the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles," *ibid.,* affects the accuracy of that determination, but it does not alter its essential character. By contrast, the dismissal of an indictment for preindictment delay represents a legal judgment that a defendant, although criminally culpable, may not be punished because of a supposed constitutional violation.

*See also Fong Foo v. United States,* 369 U.S. 141, 143, 7 L. Ed. 2d 629, 82 S. Ct. 671 (1962); *Sanabria v. United States, supra* at 68–69; *Lee v. United States, supra* at 29–30; *United States v. Martin Linen Supply Co., supra* at 571.

The trial judge herein had determined that the evidence was legally insufficient to support a guilty verdict, even though he may have done so under an erroneous application of the law. In *State v. Matuszewski,* 30 Wn. App. 714, 717–18, 637 P.2d 994 (1981), the court quoted Justice Hicks' concurring opinion in *State v. Rhinehart,* 92 Wn.2d 923, 929, 602 P.2d 1188 (1979):

> When a trial court dismisses a criminal case for insufficient evidence at the close of the State's case, no matter how erroneous that ruling may be, retrial of the defendant is precluded by the rule that one may not be twice placed in jeopardy for the same offense.

*See also State v. Bundy,* 21 Wn. App. 697, 587 P.2d 562 (1978), citing *United States v. Scott, supra.*

The *Bundy* court stated at pages 702–03:

> Since a factual resolution was made, the order of dismissal is the legal equivalent of an acquittal and the double jeopardy clause of the United States Constitution and also of the Constitution of the State of Washington bars this appeal under the authority not only of *United States v. Scott, supra,* but of *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967).
>
> It makes no difference that the ruling of the court may have resulted from an erroneous interpretation of governing legal principles. Such an error affects the accuracy of a determination, but it does not alter its essential character as a judgment of acquittal.

*See also State v. Motycka,* 21 Wn. App. 798, 586 P.2d 913 (1978).

■ When the judge orally entered the motion to dismiss in the record, both the double jeopardy clause of the fifth amendment to the United States Constitution and article 1, section 9 of the Washington State Constitution prohibited further proceedings. The State cannot obtain, via a motion to reconsider, something prohibited by RAP 2.2(b)(1) and

the United States and Washington State Constitutions.

We do not find our holding in *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977), which respondent relies upon, applicable in the present case. In *Aleshire,* the alleged dismissal was in the form of a letter from the judge to counsel. There was no formal order or judgment, nor dismissal in open court. We held that because the court had taken the motion to dismiss under advisement and the proceedings had not been terminated by a journal entry or a formal order, nor a dismissal in open court, the letter alone did not terminate the matter. Specifically, we stated "[t]he orderly administration of justice should not be predicated upon *letters to counsel.*" (Italics ours.) *Aleshire,* at 70.

We find the facts of the present case more analogous to those presented to us in *State v. Bastinelli,* 81 Wn.2d 947, 506 P.2d 854 (1973). In *Bastinelli,* the trial judge in open court stated that the State had not proved its case. The clerk made a journal entry, and the judge signed the bottom of the page of the journal indicating the finding that the charge was not proven. Three weeks later, the State moved for reconsideration, which was granted, and a guilty judgment was entered. This court reversed that judgment and reinstated the original verdict of *not* guilty. The same analysis and rationale applies in the present case, under both the United States and Washington State Constitutions.

In finding double jeopardy and dismissing the case, the *Bastinelli* court stated at pages 949–50:

> If it had concluded the state had proven petitioner's guilt beyond a reasonable doubt, the trial court would have been required to enter findings setting forth the facts essential to support the judgment of guilty. RCW 10.46.070; CR 52; *State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966). On the other hand, having concluded that the evidence was insufficient to establish guilt beyond a reasonable doubt, the court was obliged only to render a judgment of acquittal. Findings of fact and conclusions of law to support a negative are unnecessary.

*Miller v. Geranios,* 54 Wn.2d 917, 338 P.2d 763 (1959); *General Indus., Inc. v. Eriksson,* 2 Wn. App. 228, 467 P.2d 321 (1970).

In a criminal case a finding by the court as the trier of fact, when entered into the record and signed by the trial judge so as to indicate that it is neither made with reservation nor subject to further consideration or proceedings in the same case, will support a judgment of acquittal or dismissal. RCW 4.44.060 provides in part:

> The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict . . .

*See also* RCW 10.61.060 which reads in part:

> When there is a verdict of acquittal the court cannot require the jury to reconsider it.

We now adopt the standard suggested by Justice Hale in his concurring opinion in *Bastinelli,* at page 956:

> A finding by the court as the trier of fact, without a jury, when read conclusively into the record in such a manner as to indicate that it is neither tentative nor made with reservation or advisement nor subject to further consideration or proceedings in the same case, will support a judgment of acquittal or dismissal.

It is undisputed that the trial court initially dismissed the case against the 11–year–old defendant. This decision of dismissal was reached only after extensive argument and discussion of the facts. While a formal journal entry is important, a ruling from the bench in open court must be viewed as final in the context of a criminal proceeding when such a ruling terminates the case. The judge's oral opinion was neither inadvertent, tentative, nor made subject to further consideration or advisement. The constitution does not permit a jury to return a verdict acquitting a defendant, then 4 months later find the same defendant guilty. This same prohibition also applies to a trial judge when he performs the factfinding function of a jury. Once a defendant is acquitted, all further proceedings must end.

## CONCLUSION

The origin of the constitutional right of a citizen to not

be tried twice for the same offense was rooted in the Magna Carta and later became an integral part of our national and state constitutions. To be meaningful, this constitutional right must be enforced by our courts. When a defendant is acquitted of a crime, a trial judge cannot later find such innocent person guilty of the same crime.

The trial court's judgment of guilty is hereby set aside and dismissed with prejudice.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, WILLIAMS, DIMMICK, and PEARSON, JJ., concur.

DOLLIVER, J. (dissenting)—The majority claims this is a case involving double jeopardy. I believe this claim is ill founded and I dissent.

Capacity to commit a crime is an element of every criminal offense. Once a defendant's capacity is in issue, the State must show beyond a reasonable doubt that the defendant is capable of forming criminal intent. *See In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). *See also Burks v. United States,* 437 U.S. 1, 11, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978). RCW 9A.04.050 states the presumption that children between the ages of 8 and 12 are incapable of forming criminal intent. It is a codification of the rebuttable common law presumption of criminal incapacity of children between the ages of 7 and 14. R. Perkins, *Criminal Law* 837, 840–41 (2d ed. 1969). *Compare* 5 W. Blackstone, *Commentaries* *22–24.

A trial court's determination that the State has or has not overcome a presumption of incapacity is a determination on the merits of the State's case against a criminal defendant. *See Burks v. United States, supra.* A conclusion, however, as to whether a presumption applies in a particular case is a question of law which may be reversed by an appellate court if incorrect. If a trial judge's error on a question of law results in an acquittal, the double jeopardy clause would not prevent an appeal by the State which, if successful, would result either in a retrial or the

reinstatement of an earlier decision on the merits. *See United States v. Scott,* 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 (1978) (retrial); *United States v. Wilson,* 420 U.S. 332, 43 L. Ed. 2d 232, 95 S. Ct. 1013 (1975) (reinstatement). Contrary to the view of the majority, the determination by the trial court as to Dowling's incapacity was not a "factual resolution." It was a determination of law and it was in error.

In *Scott,* the double jeopardy clause was held not to bar an appeal by the government when the defendant was granted a dismissal based on preindictment delay. The Court stated:

> We think that in a case such as this the defendant, by deliberately choosing to seek termination of the proceedings against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the Government is permitted to appeal from such a ruling of the trial court in favor of the defendant. . . . [T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.

*Scott,* 437 U.S. at 98–99. Prior to the court's final decision on the merits of the case, defendant raised the question of incapacity because of age in his motion for dismissal. He should not now be able to claim double jeopardy.

As the majority correctly points out, the double jeopardy clause prohibits retrial where the trial judge's ruling represents a resolution (in the defendant's favor), correct or not, of some or all of the factual elements of the offense charged. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977). Even if a trial judge's action is characterized as a consideration of the factual elements of the offense, however, the double jeopardy clause would not bar retrial unless the judge's decision results in final termination of the case. *United States v. Baker,* 419 F.2d 83 (2d Cir. 1969). *Cf. Forman v. United States,* 361 U.S. 416, 4 L. Ed. 2d 412, 80 S. Ct. 481 (1960) (retrial allowed when appellate court first

reversed original conviction with instructions for remand for acquittal, then withdrew on rehearing and remanded for new trial).

Washington courts uniformly hold a case is not finally terminated until either a journal entry or, more preferably, a formal order is entered by the trial court. *E.g., State v. Aleshire,* 89 Wn.2d 67, 70, 568 P.2d 799 (1977) (criminal case); *State v. Mallory,* 69 Wn.2d 532, 533, 419 P.2d 324 (1966) (criminal case); *Chandler v. Doran Co.,* 44 Wn.2d 396, 400, 267 P.2d 907 (1954) (civil case); *State v. McClelland,* 24 Wn. App. 689, 694, 604 P.2d 969 (1979), *review denied,* 93 Wn.2d 1019 (1980) (criminal case). *But cf. McClelland,* 24 Wn. App. at 695 (Dore, J., dissenting). Washington courts are especially reluctant to consider a case finally decided where further routine proceedings would be necessary to terminate the matter. *See, e.g., Aleshire,* 89 Wn.2d at 70 (distinguishing *State v. Bastinelli,* 81 Wn.2d 947, 506 P.2d 854 (1973)); *McClelland,* 24 Wn. App. at 694.

Finally, even where a trial court enters a formal order of dismissal terminating a case, the double jeopardy clause is not offended by a government appeal where a reversal of the dismissal would not necessitate further proceedings. *United States v. Wilson,* 420 U.S. 332, 342, 43 L. Ed. 2d 232, 95 S. Ct. 1013 (1975); *United States v. Brandon,* 633 F.2d 773, 778–79 (9th Cir. 1980). *See United States v. Dreitzler,* 577 F.2d 539, 544 (9th Cir, 1978). It is not disputed that in this case no further proceedings were necessary once the trial court had withdrawn its oral ruling dismissing the information. No second trial would be required. *See United States v. Scott, supra,* as quoted by the majority at page 544.

The underlying idea of the double jeopardy clause, derived from the common law pleas autrefois acquit, autrefois convict, and pardon, is prevention of multiple prosecutions of the acquitted defendant. *See Bartkus v. Illinois,* 359 U.S. 121, 151–55, 3 L. Ed. 2d 684, 79 S. Ct. 676 (1959) (Black, J., dissenting). Indeed, it was only when the

defendant was indicted for a second time after either a conviction or an acquittal that he could seek the protection of the common law pleas. *Wilson,* 420 U.S. at 342. *See* 5 W. Blackstone, *supra* at *335–36. As the *Wilson* Court stated:

> Although review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact.

*Wilson,* 420 U.S. at 345.

In the present case, the trial judge's oral decision was based on the erroneous premise, later corrected, that RCW 9A.04.050 applies in juvenile offender proceedings. There was no multiple prosecution. If the trial judge had not corrected the conclusion of law himself, the double jeopardy clause would not bar an appeal reversal by an appellate court and subsequent correction of his dismissal by the trial court. *United States v. Wilson, supra.* Furthermore, the trial judge's oral decision terminating the case was not protected by the double jeopardy clause because further routine proceedings were necessary to terminate the proceedings. As the court stated in *Mallory,*

> [a trial court's oral opinion] cannot be considered as the basis for the trial court's judgment and sentence. A trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.

*Mallory,* 69 Wn.2d at 533–34.

*United States v. Baker,* 419 F.2d at 89, was a case where the court granted a motion of acquittal to one count and upon reconsideration reinstated the count. As the court observed:

> In the case before us, no final judgment of acquittal was ever entered, and certainly Baker was not subjected to the harassment of successive prosecutions. Nor did the

552

prosecution seek a a delay in order to obtain a more favorable opportunity to convict. The only prejudice Baker suffered is psychological; his hopes were first raised, then quickly lowered. But so ephemeral and insubstantial an injury is not proscribed by the Constitution.

There is no double jeopardy to Dowling in this case. I dissent.