[No. 12685-4-III.   Division Three.   February 8, 1994.]

THE STATE OF WASHINGTON, *Appellant,* v. FREDERICK LESLIE GOCKEN, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for appellant.

*Leslie G. Loukkola,* for respondent.

MUNSON, J. — The State of Washington appeals the order dismissing a felony charge against Frederick Gocken. The State contends the court erroneously applied the constitutional bar against double jeopardy. We reverse.

On October 28, 1990, police contacted Mr. Gocken as he was standing near his parked car. They observed a marijuana pipe in the car and arrested Mr. Gocken for possession of drug paraphernalia. A search of the vehicle incident to the arrest

disclosed "a gun, a box of ammunition, a marijuana grow operation ledger, a Tupperware container containing marijuana, a baggy of marijuana and cash totalling $1,355.00". Mr. Gocken was arrested on a second charge, possession of marijuana with intent to deliver. He later pleaded guilty to a misdemeanor charge of possession of drug paraphernalia. Prior to trial on the possession of marijuana charge, he asserted the second prosecution was precluded by double jeopardy protections. The court granted his motion to dismiss. The State appeals.

The State contends the trial court erred in concluding prosecution on the charge of possession with intent to deliver is precluded by the double jeopardy clause of the federal constitution. That clause protects against multiple prosecutions or multiple punishments for the same offense. *State v. Laviollette*, 118 Wn.2d 670, 675, 826 P.2d 684 (1992).

Since the trial court's decision in the present case, the Supreme Court has overruled *Grady v. Corbin*, 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990) which, in the context of multiple prosecutions, recognized two distinct tests for determining whether a subsequent prosecution is barred by the double jeopardy clause. *United States v. Dixon*, ___ U.S. ___, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993).[1] Under *Dixon*, only the first test recognized in *Grady* is applied to determine whether subsequent prosecutions violate double jeopardy.

That test, stated by *Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932), requires a determination of whether convictions based on different statutory provisions involve the same offense:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

---

[1] Because the words used in Const. art. 1, § 9 are similar to the words used in the Fifth Amendment relating to double jeopardy, the state constitution is given the same interpretation the United States Supreme Court gives to the United States Constitution. *State v. Ridgley*, 70 Wn.2d 555, 556, 424 P.2d 632 (1967).

Mr. Gocken pleaded guilty to violating RCW 69.50.412(1):

It is unlawful for any person to use drug paraphernalia to . . . inject, ingest, inhale, or otherwise introduce into the human body a controlled substance.

Proof of the use of drug paraphernalia is not required to support a conviction for possession of a controlled substance. Likewise, proof of intent to deliver, necessary to support a conviction under RCW 69.50.401(a), is not required to support a conviction for use of drug paraphernalia. Double jeopardy does not bar a prosecution for possession of marijuana with intent to deliver subsequent to a prosecution for use of drug paraphernalia.

Reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review granted at 124 Wn.2d 1007 (1994).