[No. 35516-3-I.    Division One.    October 9, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. D'ANDRE
CORBIN, *Appellant*.

*Suzanne Lee Elliott* of *Washington Appellate Defender
Association*; and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Regina Cahan, Deputy,* for respondent.

AGID, J. — D'Andre Corbin appeals his conviction for taking and/or riding in a motor vehicle without the owner's permission on the grounds that (1) the late entry of findings and conclusions without an attorney present on his behalf violated his right to counsel and his right to be present at all critical stages of the proceedings, and (2) the trial court's finding that Corbin understood his right to remain silent and freely and voluntarily waived that right was not supported by substantial evidence. We hold that trial counsel may properly represent a criminal defendant in order to enter findings and conclusions after an appeal has been filed and that entry of findings and conclusions is not a critical stage of the proceedings. We also conclude that substantial evidence supports the trial court's ruling on the waiver issue and, accordingly, we affirm.

## FACTS

On January 10, 1994, thirteen-year-old D'Andre Corbin was charged with taking and/or riding in a motor vehicle without the owner's permission. At the time of his arrest, Corbin admitted to the arresting officer that on November 20, 1993, he rode in a vehicle which he had good reason to believe was stolen. Following a CrR 3.5 hearing on April 29, 1994, to determine the admissibility of Corbin's statement to police, the juvenile court concluded that Corbin's confession was freely and voluntarily given and denied his motion to suppress. On May 2, 1994, the court found

Corbin guilty of taking and/or riding in a motor vehicle without permission and entered its hearing, findings, and decision on information.

On May 31, 1994, the deputy prosecutor, Kristen Chandler, sent a memorandum to defense counsel, Renee Alsept, attaching proposed drafts of a certificate pursuant to CrR 3.5 and findings of fact and conclusions of law memorializing the juvenile court's findings with respect to the underlying charge. On October 31, 1994, Corbin filed this appeal. On January 20, 1995, Kristen Chandler received a fax from Renee Alsept attaching alternate proposed findings and conclusions prepared by the defense. The juvenile court signed defense counsel's version of the findings and conclusions, with minor editing changes, on January 23, 1995. On January 26, 1995, the juvenile court signed the State's version of the CrR 3.5 certificate.

## DISCUSSION

Corbin first argues that the trial court violated his right to be present at all critical stages of the proceedings when it signed findings of fact and conclusions of law at a time when neither he nor his attorney was present. He contends that neither he nor his attorney was given notice of the proposed CrR 3.5 findings and that they had no "opportunity to address the court regarding the entry of written findings and conclusions or whether those findings and conclusions accurately reflected the evidence presented during the [CrR 3.5] hearing."

The record does not support his argument. It reflects that the State provided copies of its proposed draft of the CrR 3.5 certificate and the findings and conclusions to defense counsel on May 31, 1994. On January 20, 1995, defense counsel responded, attaching an alternate proposed draft of the findings and conclusions that was signed by the juvenile court three days later. The fax cover sheet to which that draft was attached directs the prosecutor to let defense counsel know of a preferred date for hearing only if she does not agree to the findings and conclusions

prepared by defense counsel. While defense counsel did not prepare a revised draft of the CrR 3.5 certificate, the fact that she revised the findings and conclusions that had been sent to her at the same time suggests she received the prosecutor's memorandum and its attachments, but did not find it necessary to revise the proposed CrR 3.5 certificate. In short, Corbin's contention that he received no notice of the proposed findings and conclusions is not supported by the record.

■ Nor was Corbin's right to be present at all critical stages of the proceedings violated. The core of the constitutional right to be present at all critical stages of the proceedings is the right to be present when evidence is being presented or whenever a defendant's presence has "a relation, reasonably substantial," to the fulness of his opportunity to defend against the charge. *In re Lord*, 123 Wn.2d 296, 306, 868 P.2d 835 (1994) (quoting *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985)), *cert. denied*, 115 S. Ct. 146 (1994). A defendant does not have a right to be present, for example, during in-chambers or bench conferences between the court and counsel on legal matters, at least when those matters do not require the resolution of disputed facts.[1] *Lord*, 123 Wn.2d at 306 (citing *United States v. Williams*, 455 F.2d 361 (9th Cir.), *cert. denied*, 409 U.S. 857 (1972)); *People v. Dokes*, 79 N.Y.2d 656, 595 N.E.2d 836, 584 N.Y.S.2d 761 (1992)).

■ In the absence of some extraordinary circumstance in which the defendant's presence would have made a difference, we hold that presentation of findings and conclusions that formalize the court's decision, announced in the defendant's presence and based on proceedings at which he or she was present, is not a critical stage of the proceed-

---

[1]CrR 3.4(a) is consistent with these principles:

"The defendant shall be present at the arraignment, at every stage of the trial including the empaneling of the jury and the return of the verdict, and at the imposition of sentence . . . ."

ings. A defendant's presence at the time findings and conclusions are entered does not have "a relation, reasonably substantial," to the fulness of his opportunity to defend against the charge. *See Lord*, 123 Wn.2d at 306 (quoting *Gagnon*, 470 U.S. at 526). As long as the defendant is represented by counsel, he or she has no role at presentation and ordinarily would have no opportunity to speak. This is true whether the findings and conclusions memorialize the court's findings after a CrR 3.5 or CrR 3.6 hearing or on the substantive issue of guilt.

Here, there is no dispute that Corbin was present and represented by counsel at the time of the CrR 3.5 hearing itself. He thus had both an opportunity to hear the evidence against him and to respond. Contrary to Corbin's contention that the juvenile court did not understand or consider his argument that he did not knowingly waive his right to remain silent, the record reflects that the juvenile court both understood and rejected that argument. The CrR 3.5 certificate is consistent with the juvenile court's oral ruling and complies with the requirements of CrR 3.5(c).[2] Under the facts presented in this case, there is no basis for concluding that the procedure followed here violated Corbin's right to be present at all critical stages of the proceedings.

■ Corbin also contends that the juvenile court's entry of findings and conclusions after his attorney had withdrawn violated his right to counsel. Again, the record controverts Corbin's characterization of the facts. Corbin asserts that because his attorney withdrew on October 27, 1994, he was not represented by counsel when the findings and conclusions were entered in January 1995. There is an order dated October 31, 1994, giving trial counsel permission to withdraw and appointing appellate counsel. But the record also reflects that Corbin's trial attorney

---

[2]CrR 3.5(c) directs the *court* to prepare findings and conclusions. The question is thus whether the trial court views the proposed findings and conclusions as an accurate reflection of her findings and conclusions, not whether—as the defendant suggests—the findings and conclusions "accurately" reflect the evidence presented at the hearing in the view of one particular party or the other.

continued to represent him in this matter and to act on his behalf in January 1995 when she prepared the alternate draft proposed findings and conclusions and forwarded them to the prosecutor.

RAP 7.2(e) authorizes a trial court to hear and determine postjudgment motions and to change or modify decisions it has made in the course of a case even after the case has been appealed. RAP 7.2(j) and JuCR 7.11(d) provide that, in a juvenile case, entry of findings and conclusions is not required unless a case is appealed, and JuCR 7.11(d) explicitly provides for entry of findings and conclusions after a notice of appeal is filed. Unless the same attorney represents a defendant both at trial and on appeal, only trial counsel will ordinarily know what evidence was presented, the basis for the trial court's decision and what issues are critical to the defendant. Even if appellate counsel has been appointed and substituted for trial counsel, therefore, it is the defendant's trial counsel who should participate in the posttrial presentation of findings and conclusions memorializing that decision. If appellate counsel has been appointed, the State should also give that attorney notice of the presentation and provide him or her with copies of the proposed findings and conclusions so that appellate counsel can choose whether or not to participate. To require appellate counsel, who was not present at trial, to represent the defendant in drafting and presenting findings and conclusions when trial counsel is available would be both illogical and impractical. As noted above, Corbin's trial counsel reviewed and drafted proposed findings and conclusions on his behalf. We therefore conclude that this procedure did not violate Corbin's right to counsel.

A majority of the panel has concluded that the remainder of this opinion lacks precedential value. Therefore only the foregoing will be published. The opinion shall be filed for public record as provided in RCW 2.06.040.

COLEMAN and ELLINGTON, JJ., concur.