187 P.3d 326 (2008)
STATE of Washington, Respondent,
v.
Lenny Ray PRUITT, Appellant.
Nos. 60094-0-I, 60095-8-I.
Court of Appeals of Washington, Division 1.
July 14, 2008.
*328 Oliver Ross Davis, Washington Appellate Project, Seattle, WA, for Appellant.
Barbara A. Mack, King County Prosecutor's Office, Seattle, WA, for Respondent.
COX, J.
¶ 1 An accused has a constitutional right "`to be present in his own person whenever his presence has a relation, reasonably substantial, to the [fullness] of his opportunity to defend against the charge,'" even in situations where the defendant is not actually confronting witnesses or evidence against him.[1] This right is not unlimited, for example, "when presence would be useless, or the benefit but a shadow."[2] But an accused "is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."[3] A violation of a constitutional right is harmless beyond a reasonable doubt where the "untainted" evidence is so overwhelming that it necessarily leads to a finding of guilt.[4]
¶ 2 Here, Lenny Pruitt was not present during a bench trial in drug court to determine his guilt on a charge of second degree possession of stolen property, a stolen access device. The State has failed in its burden to prove beyond a reasonable doubt that this constitutional error was harmless. We reverse.
¶ 3 The facts are not complicated. In May 2003, police responded to a report of a burglary and discovered Pruitt at the rear of the building where the crime allegedly occurred. Based on the items in his possession at the time, the police arrested him on suspicion of burglary and possession of stolen property. The State charged him with second degree burglary based on these events.
¶ 4 In April 2005, the State amended the second degree burglary charge to the sole charge of second degree possession of stolen property under RCW 9A.56.160(1)(c), the alternative based on a stolen access device. The record indicates that this amendment was conditioned on Pruitt's acceptance into drug court based on a Drug Diversion Court Waiver and Agreement dated June 2005.
¶ 5 In December 2005, police responded to a report of shoplifting at a drugstore. When police arrived at the scene, Pruitt had been apprehended by a loss prevention officer. In a search incident to arrest, the police discovered two bindles of heroin on him. Based on these events, the State charged him with violation of the Uniform Controlled Substances Act (VUCSA). Pruitt subsequently executed another Drug Diversion Court Waiver and Agreement dated April 2006.
¶ 6 The two drug diversion agreements required Pruitt to enter into a drug court diversion program. In exchange for entering the program, he was to obtain an eventual dismissal with prejudice of the charges against him if he complied with the program's requirements.[5] He also agreed that if he failed to comply with all requirements of the drug treatment program, he would submit to a bench trial on the charges. Under the terms of the agreements, Pruitt waived several important rights: his right to a jury trial, his right to call and cross-examine witnesses, and his right to challenge the admissibility of evidence against him.
*329 ¶ 7 Pruitt failed to comply with the drug treatment requirements and voluntarily terminated from the program. On May 4, 2007, the drug court ordered Pruitt terminated from the treatment program. On that same date, the court orally found him guilty of second degree possession of stolen property "whose value was greater than $250.00 yet less than $1,500.00." The drug court did not enter written findings or conclusions on that date. However, it entered a judgment and sentence stating that Pruitt was guilty of violating "RCW 9A.56.160(1)(c)," which criminalizes possession of a stolen access device.
¶ 8 This appeal followed.[6]

SUFFICIENCY OF THE EVIDENCE
¶ 9 In his opening brief on appeal, Pruitt challenged the sufficiency of the evidence to support his conviction of second degree possession of stolen property worth between $250 and $1,500, as orally stated by the drug court judge following the bench trial. We accept the State's concession of error that the evidence is insufficient to support the conviction on this basis.
¶ 10 In a criminal case, evidence is sufficient if, viewed in the light most favorable to the State, any rational trier of fact could find each element of the crime proved beyond a reasonable doubt.[7] To convict for possession of stolen property, the State must prove actual or constructive possession of the property that has been stolen and actual or constructive knowledge that the property was stolen.[8] A person is guilty of second degree possession of stolen property if he or she possesses stolen property that exceeds $250 in value but does not exceed $1,500 in value.[9]
¶ 11 The State properly concedes in its Brief of Respondent that the evidence is insufficient to convict Pruitt of possessing property worth between $250 and $1,500. There is no evidence in the record to support this May 4, 2007 conviction.

ADJUDICATION OF GUILT ON ALTERNATE MEANS
¶ 12 In his opening brief, Pruitt also assigned error to the trial court's failure to enter written findings of fact and conclusions of law, as required by CrR 6.1(d), at the time of the May 4, 2007 conviction. In response to this argument and the challenge to the sufficiency of evidence that we previously discussed in this opinion, the State took several actions to which Pruitt objects.
¶ 13 Without notice to either Pruitt or his appellate counsel of record, the State returned to the drug court and sought a conviction for the charge of second degree possession of stolen property, a stolen access device. Pruitt was not present at that trial to determine guilt. Nevertheless, the drug court reviewed the proffered evidence and found Pruitt guilty of possession of stolen property in the form of a stolen access device (credit card number). Thereafter, over the objections of Pruitt's counsel at that trial, the court entered written findings and conclusions based on finding Pruitt guilty of that charge.[10]
¶ 14 The State then filed its Brief of Respondent in this appeal. This brief ignores Pruitt's challenge in his opening brief to the sufficiency of evidence to support the May 4, 2007 conviction for possession of stolen property valued between $250 and $1,500. Rather, this brief characterizes the drug court's original adjudication as "an error in [the court's] verbal conclusions of law," remedied by the court's subsequent adjudication for possession of a stolen access device. This brief also notes that findings and conclusions supporting the second adjudication were entered by the drug court in January 2008.
*330 ¶ 15 Pruitt moved to strike the Brief of Respondent in its entirety. Having denied his motion to strike the State's brief in its entirety, we now consider his arguments in the motion as his Reply Brief.

Notice
¶ 16 Pruitt correctly objects to the lack of notice to his appellate counsel of record of the drug court bench trial at which he was convicted of possession of a stolen access device.
¶ 17 Basic due process and the governing criminal rules require notice of court proceedings to counsel of record.[11] Here, trial counsel for Pruitt withdrew and appellate counsel of record was later appointed to represent him in this appeal. Notwithstanding these actions, the State failed to notify appellate counsel of the bench trial on the alternate means, which occurred after this appeal was filed. The record also shows that the State failed to notify Pruitt of the hearing.
¶ 18 The State concedes, as it must, that it erred in failing to notify Pruitt's appellate counsel before seeking relief from the drug court while this appeal was pending. Without citation to authority, the State contends, "However, the State did notify trial counsel, who was familiar with the case, aware of the issue, and present at the hearing." This excuse is unacceptable.
¶ 19 First, the record is unclear whether counsel for Pruitt at the May 2007 trial, who had withdrawn just after filing this appeal, was notified. Counsel who appeared at the trial on the possession of an access device was not the same counsel who represented Pruitt in the May 2007 trial.[12] Thus, it is unclear to this court whether counsel at the second trial was fully familiar with all relevant issues in this case.
¶ 20 Second, assuming that the State did notify Pruitt's former counsel of the bench trial in drug court on the access device charge, that does not excuse its failure to notify his appellate counsel, the only counsel of record at the time of the second trial.
¶ 21 We discuss later in this opinion the effect of the State's failure to notify appellate counsel of record.

Authority of Trial Court During Appeal
¶ 22 Pruitt next objects to the entry of findings and conclusions in the second trial without this court first having given its permission for such a proceeding. We agree with his assessment of the governing rule.
¶ 23 RAP 7.2 provides that once an appellate court has accepted review of a case, the trial court only has authority to act in the matter as provided by the rule.[13] This court accepted review of this case on the filing of the notice of appeal in June 2007. Thus, the trial court only had authority to act in limited ways after that time.
¶ 24 RAP 7.2(e) allows the trial court to hear post-judgment motions authorized by the criminal rules and actions to modify decisions. But the rule requires the moving party to seek the appellate court's permission prior to the formal entry of a trial court decision if that decision "will change a decision then being reviewed by the appellate court."
¶ 25 Here, the transcript of the second trial shows that the State did not disclose to the drug court that the pending appeal required this court's permission before findings and conclusions were entered. It is beyond legitimate dispute that the new bench trial changed a decision then being reviewed by this court. Moreover, the State has never sought this court's permission to authorize the trial court to enter the findings and conclusions that are now at issue in this case. We need not speculate on how this court *331 would have ruled had the State made such a motion to this court.
¶ 26 Without citing any authority, the State argues that the failure to enter written findings was a clerical error that the trial court was entitled to remedy without the State seeking this court's permission under RAP 7.2(e). We reject this characterization.
¶ 27 This court has held that the failure to enter written findings and conclusions is a clerical error that may be corrected under RAP 7.2(e) after an appeal is filed.[14] However, there is far more here than mere clerical error. The more accurate characterization is that the State, upon Pruitt's challenge on appeal to the sufficiency of evidence to support the drug court's oral ruling of guilt in the first trial, sought adjudication of guilt on a separate ground in a second trial. Here, the entry of written findings following the second trial drastically altered the issues on appeal. It effectively rendered moot both assignments of error in Pruitt's opening brief. The State's actions also raised additional procedural and substantive issues on appeal.
¶ 28 We note that an appellant may show prejudice by untimely filed findings and conclusions. Reversal is warranted if the defendant can show actual prejudice from the lack of findings or remand for entry of findings.[15] The defendant may show prejudice by establishing that the belated findings were tailored to meet the issues raised in the appellant's opening brief.[16] The burden of proving any such prejudice is on the defendant.[17]
¶ 29 We discuss later in this opinion how the State's unauthorized actions affected Pruitt.

DOUBLE JEOPARDY
¶ 30 Pruitt next argues that the drug court placed him in double jeopardy when it convicted him in the second bench trial on the alternative ground of possessing a stolen access device under RCW 9A.56.160(1)(c). Because he was never implicitly acquitted of this crime, we disagree.
¶ 31 The state and federal constitutions provide that no person shall be twice put in jeopardy for the same offense.[18] Double jeopardy bars a retrial if: (1) jeopardy attached, (2) jeopardy terminated, and (3) the defendant is again in jeopardy for the same offense.[19] In a bench trial, jeopardy attaches when the court begins to hear evidence.[20] Jeopardy terminates with a verdict of acquittal.[21] An implicit acquittal also terminates jeopardy.[22] After jeopardy terminates, a defendant cannot be prosecuted for the same offense.[23]
¶ 32 In State v. Collins, the supreme court clarified the rule that for purposes of double jeopardy, the trial judge's oral ruling is not final.[24] Rather, a trial court's oral ruling is:
no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.[25]
Following this rule, the supreme court in Collins concluded that the trial court's oral *332 ruling dismissing the assault charge in that case was not final and did not constitute an acquittal for double jeopardy purposes when the trial court later reversed itself and reinstated the charge.[26] The court concluded that the jury's later guilty verdict on the assault charge was final and did not violate double jeopardy.[27]
¶ 33 Here also, the drug court's oral ruling that Pruitt was guilty of violating subsection 1(a)  based on the value of stolen property being within the statutory range  was not an implicit acquittal of RCW 9A.56.160(1)(c)  based on the stolen access device. The oral ruling on the former basis was never "formally incorporated into the findings, conclusions, and judgment." In fact, the trial court did not enter any written findings or conclusions at that time. And the May 2007 judgment and sentence did not include any reference to RCW 9A.56.160(1)(a), the means based on the value of stolen property. Instead, it referred to RCW 9A.56.160(1)(c), the means based on a stolen access device.
¶ 34 In light of Collins, we conclude that the drug court did not acquit Pruitt of violating RCW 9A.56.160(1)(c). Absent an acquittal of possessing a stolen access device, there was no double jeopardy violation when the drug court entered its findings and conclusions on the stolen access device charge in January 2008.[28]
¶ 35 Pruitt relies on State v. Hescock[29] for the contrary position. That case does not require reversal here.
¶ 36 There, the juvenile was charged with two alternative means of committing a crime but convicted of only one of those means. Although the trial judge concluded in its oral ruling that Hescock was guilty of both means, the judge's written findings and conclusions only supported conviction under one alternative means. Division Two concluded that the trial court's failure to convict under the second alternative means in its written findings was an implicit acquittal on that charge.[30] An implicit acquittal triggers double jeopardy the same as an actual acquittal, preventing any further remand related to that charge.[31] Thus, the court concluded that a remand for entry of findings and conclusions on that charge would violate double jeopardy.[32]
¶ 37 The court in Hescock recognized that a trial court's oral ruling is not binding unless it is memorialized in written findings and conclusions.[33] The court held that the written findings and conclusions, not the court's oral ruling, controlled.[34] Here also, we conclude that the drug court's oral ruling was not binding for double jeopardy purposes. The final judgment and sentence was binding.
¶ 38 Pruitt cites Green v. United States[35] for the argument that a verdict of acquittal is final for double jeopardy purposes even if not followed by an entry of judgment. That case, however, involved a jury trial, not a bench trial. Collins is the rule in Washington that applies to criminal bench trials.[36]

PRESENCE AT TRIAL
¶ 39 Pruitt next argues that the trial court violated his constitutional right to be present at a critical stage of the proceedings against him when it conducted a second trial in his *333 absence. We hold that the constitutional error here was not harmless beyond a reasonable doubt.
¶ 40 Under the Sixth and Fourteenth Amendments, a criminal defendant has the right to attend all critical stages of his trial.[37] "[T]his right entitles a defendant to be present at every stage of his trial for which `his presence has a relation, reasonably substantial, to the [fullness] of his opportunity to defend against the charge.'"[38] This is true even in situations where the defendant is not actually confronting witnesses or evidence against him.[39] This right is not unlimited, for example, "when presence would be useless, or the benefit but a shadow."[40] But an accused "is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."[41] "`[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'"[42] Both the return of the verdict[43] and the presentation of evidence[44] are critical stages of criminal trials.
¶ 41 Violation of this right is not a structural error; it is a trial error subject to the constitutional harmless error analysis.[45] A constitutional error is harmless beyond a reasonable doubt where the "untainted" evidence is so overwhelming that it necessarily leads to a finding of guilt.[46]
¶ 42 Here, the bench trial in drug court on the charge of possession of a stolen access device was a critical stage of proceedings against Pruitt. Although the State contests this characterization of the proceeding, the trial court considered the evidence against Pruitt, found him guilty of the crime for which he was charged, and entered written findings of fact and conclusions of law memorializing this ruling. It is beyond any rational dispute that this bench trial was a critical stage.
¶ 43 The State cites State v. Corbin[47] for the proposition that the entry of written findings and conclusions is not a critical stage of the proceedings. The State's reliance on that case is misplaced based on what occurred here. There, the entry of findings merely memorialized the trial court's oral ruling after the CrR 3.5 hearing.[48] The court held,
[P]resentation of findings and conclusions that formalize the court's decision, announced in the defendant's presence and based on proceedings at which he or she was present, is not a critical stage of the proceedings.[49]
¶ 44 Here, the written findings and conclusions that the drug court entered in January 2008 did not memorialize the trial court's *334 May 2007 ruling. Rather, the trial court found Pruitt guilty of a different charge at the second trial after considering different evidence. In short, Corbin does not control.
¶ 45 The State also argues, without citation to authority, that the second bench trial in drug court was not a critical stage, stating, "The basis for the written conclusion of law is different (possession of a stolen credit card number, rather than of property worth more than $250), but that relates to the prong of the offense."[50] This argument is unpersuasive, and we need not address arguments that are unsupported by citation to authority.[51]
¶ 46 The question that we must decide is whether the State bore its burden to show that the absence of Pruitt from his second bench trial in drug court, a critical stage of the proceedings, is harmless beyond a reasonable doubt. We hold that the State has failed in this burden.
¶ 47 The authorities are clear that a criminal defendant's right to be present during all critical stages of his trial, including the presentation of evidence and the rendering of the verdict, is integral to his right to a fair trial. This right is not diminished even in situations where the defendant is not actually confronting witnesses or evidence against him. There is nothing in this record that supports the validity of this trial of Pruitt when he was not present, particularly in light of the objections of his counsel to this procedure at the time of that trial. The procedure here was simply unfair. On this basis alone, reversal is warranted.
¶ 48 The State argues that Pruitt's presence at his trial on the possession of a stolen access device would have been meaningless. While it is true that Pruitt previously stipulated to certain matters in his diversion agreements, he never stipulated to a trial in his absence. The State has failed in its burden to show that Pruitt's absence from trial made no difference to the outcome in this case. Pruitt's stipulations do nothing to mitigate the unfairness of the procedure followed here.[52]
¶ 49 The State's failure to give notice to Pruitt's appellate counsel of record is troublesome. Had the State given proper notice, we assume the arguments that appellate counsel now makes to this court regarding lack of notice and lack of authority of the trial court to act without prior authority of this court would have been made to the drug court judge. The State has failed to show that had that court been fully informed of the issues in this case, it would have proceeded as it did by adjudicating Pruitt's guilt and entering findings and conclusions while this appeal was pending.
¶ 50 In making this observation about lack of notice to appellate counsel of record, we note that Pruitt's counsel at the second bench trial was presumably unaware of these additional issues. Having objected to Pruitt's absence from the trial, we assume that had counsel been aware of these additional issues, she would have raised them with the drug court. This sheds further doubt on the State's contention that we should approve the procedure followed in this case.
¶ 51 In short, the State cannot show that the failure to allow Pruitt to be present during the second bench trial was harmless beyond a reasonable doubt in this case.
¶ 52 We vacate the January 2008 findings and conclusions and reverse the judgment and sentence in cause number XX-X-XXXXX-X KNT.
WE CONCUR: SCHINDLER, C.J., and ELLINGTON, J.
NOTES
[1] Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) (quoting Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105-06, 54 S.Ct. 330, 78 L.Ed. 674 (1934)); see also People v. Stroud, 208 Ill.2d 398, 281 Ill.Dec. 545, 804 N.E.2d 510 (2004) (holding that acceptance of a guilty plea via closed-circuit television violated the constitutional right to be present during a critical stage of the criminal proceeding).
[2] Id.
[3] Id.
[4] State v. Guloy, 104 Wash.2d 412, 425, 705 P.2d 1182 (1985); In re Pers. Restraint of Benn, 134 Wash.2d 868, 921, 952 P.2d 116 (1998) (violation of the right to be present is subject to the harmless error analysis) (citing Rice v. Wood, 77 F.3d 1138, 1142 (9th Cir. 1996) (en banc)).
[5] See generally State v. Colquitt, 133 Wash.App. 789, 794-96, 137 P.3d 892 (2006).
[6] We deny Pruitt's Motion to Strike Brief of Respondent in its Entirety, but grant his alternative motion to consider his arguments in the motion as his Reply Brief.
[7] State v. Green, 94 Wash.2d 216, 221, 616 P.2d 628 (1980).
[8] State v. Plank, 46 Wash.App. 728, 731, 731 P.2d 1170 (1987); RCW 9A.56.140(1).
[9] RCW 9A.56.160(1)(a).
[10] Clerk's Papers at 49-51, attached as Appendix B to Brief of Respondent.
[11] See CrR 3.1 (Right to and Assignment of Lawyer); CrR 3.3(d) (Trial Settings and Notice); CrR 8.4 (Service, Filing, and Signing of Papers).
[12] See Report of Proceedings (May 4, 2007) at 2 (showing Holly Johnson as the defense counsel of record); Clerk's Papers at 51, attached as Appendix B to Brief of Respondent (showing Dana Brown "for Holly Johnson" as the attorney for Pruitt); Transcript of Hearing at 1, attached as Appendix C to Brief of Respondent (Dana Brown represented Pruitt at the second adjudication).
[13] RAP 7.2(a) ("After review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule. . . . ").
[14] State v. Vailencour, 81 Wash.App. 372, 378, 914 P.2d 767 (1996); In re Marriage of Stern, 68 Wash.App. 922, 927-28, 846 P.2d 1387 (1993).
[15] State v. Head, 136 Wash.2d 619, 624, 964 P.2d 1187 (1998).
[16] Id. at 624-25, 964 P.2d 1187; State v. Pray, 96 Wash.App. 25, 30-31, 980 P.2d 240 (1999).
[17] Head, 136 Wash.2d at 625, 964 P.2d 1187.
[18] U.S. CONST. amend. V; WASH. CONST. art. I, § 9.
[19] State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996).
[20] State v. Chiles, 53 Wash.App. 452, 454, 767 P.2d 597 (1989).
[21] Corrado, 81 Wash.App. at 646, 915 P.2d 1121.
[22] State v. Hescock, 98 Wash.App. 600, 603, 989 P.2d 1251 (1999).
[23] Corrado, 81 Wash.App. at 646, 915 P.2d 1121.
[24] 112 Wash.2d 303, 308, 771 P.2d 350 (1989) (overruling In re Dowling, 98 Wash.2d 542, 656 P.2d 497 (1983)).
[25] Id. at 306, 771 P.2d 350 (quoting State v. Mallory, 69 Wash.2d 532, 533-34, 419 P.2d 324 (1966)).
[26] Id. at 308, 771 P.2d 350.
[27] Id. at 309, 771 P.2d 350.
[28] See State v. Alvarez, 128 Wash.2d 1, 20, 904 P.2d 754 (1995) (no double jeopardy violation in remand for entry of findings and conclusions in the absence of a prior acquittal); accord State v. Souza, 60 Wash.App. 534, 541, 805 P.2d 237 (1991).
[29] 98 Wash.App. 600, 603, 989 P.2d 1251 (1999).
[30] Id. at 609-11, 989 P.2d 1251.
[31] Id. at 608, 989 P.2d 1251.
[32] Id. at 611, 989 P.2d 1251.
[33] Id. at 605-06, 989 P.2d 1251.
[34] Id. at 606, 989 P.2d 1251.
[35] 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).
[36] Collins, 112 Wash.2d at 305, 771 P.2d 350 (overruling Dowling, 98 Wash.2d 542, 656 P.2d 497 (discussing the rule when the court is the trier of fact without a jury)).
[37] State v. Rice, 110 Wash.2d 577, 616, 757 P.2d 889 (1988) (citing Snyder, 291 U.S. at 105-08, 54 S.Ct. 330).
[38] Id. (quoting Snyder, 291 U.S. at 105-06, 54 S.Ct. 330).
[39] Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987) (quoting Snyder, 291 U.S. 97 at 105-06, 54 S.Ct. 330); see also People v. Stroud, 208 Ill.2d 398, 281 Ill.Dec. 545, 804 N.E.2d 510 (2004) (holding that acceptance of a guilty plea via closed-circuit television violated the constitutional right to be present during a critical stage of the criminal proceeding).
[40] Id.
[41] Id.
[42] State v. Wilson, 141 Wash.App. 597, 604, 171 P.3d 501 (2007) (quoting Snyder, 291 U.S. at 107-08, 54 S.Ct. 330).
[43] Rice, 110 Wash.2d at 617, 757 P.2d 889.
[44] In re Pers. Restraint of Lord, 123 Wash.2d 296, 306, 868 P.2d 835 (1994) ("The core of the constitutional right to be present is the right to be present when evidence is being presented.").
[45] In re Pers. Restraint of Benn, 134 Wash.2d 868, 921, 952 P.2d 116 (1998) (citing Rice v. Wood, 77 F.3d 1138, 1142 (9th Cir.1996) (en banc) (noting that no circuit has held it to be a structural error)).
[46] State v. Guloy, 104 Wash.2d 412, 425, 705 P.2d 1182 (1985).
[47] 79 Wash.App. 446, 903 P.2d 999 (1995).
[48] Id. at 447-48, 903 P.2d 999.
[49] Id. at 449-50, 903 P.2d 999 (emphasis added).
[50] Respondent's Reply at 3.
[51] See Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992).
[52] Nothing we say today bars retrial on the stolen access device charge, provided Pruitt is present and due process is otherwise observed.