IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74653-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HALVIER SNOOK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 6, 2017 |
| | ) | |

MANN, J. — Michael Snook appeals from his jury conviction for two counts of burglary. He contends that (1) the trial court erred in denying his motion for severance, (2) he was denied his constitutional right to be present when the trial court took the jury's verdict in his absence, and (3) cumulative error denied him a fair trial. We affirm.

## FACTS

On March 20, 2013, police responded to a burglar alarm at an unoccupied residence in the city of Kent. When police entered the garage, they found Snook hiding under a table in a multi-purpose room attached to the garage. Snook admitted that he knew no one was home and that he was in the process of removing items from the house to put in his car. A record player belonging to the

house was found in Snook's car. Snook was arrested and charged with second degree burglary (count I).

Subsequent to Snook's arrest, on April 3, 2013, police returned to the residence to check on the alarm and found the alarm box missing.[1] Police then reviewed surveillance video from the property and saw a man resembling Snook walking towards the house and then leaving the house while pushing a wheelbarrow full of items. The State amended the information to charge Snook with a second count of second degree burglary (count II).

Snook twice moved to sever the two counts, once before trial and once after the close of the State's evidence. The trial court denied both motions.

When the jury retired to deliberate, the trial court instructed parties that they were to remain within 30 minutes of the courtroom until the jury returned a verdict. The following morning, the trial court summoned parties to the courtroom to address jury questions. Snook was present. After responding to the questions, the trial court excused parties, stating "Please be nearby."

At noon, the trial court informed parties that the jury had reached a verdict and instructed them to return at 1:00 p.m. At 1:02 p.m., both the prosecutor and defense counsel were present in the courtroom, but Snook was not present. The trial court asked defense counsel if Snook planned to appear, and defense counsel responded "Well, that's the expectation, Your Honor." The trial court

---

[1] The residence had become uninhabitable after a 2011 fire and the Kent Police Department had installed an alarm and motion activated surveillance cameras to monitor activity.

stated that it would reconvene in 15 minutes and if Snook had not appeared or made contact, it would proceed without him.

When the trial court reconvened at 1:15 p.m., it observed that Snook was still not present. Defense counsel admitted he did not know Snook's whereabouts. The trial court found that Snook had "willfully failed to appear." The verdict was taken and the jury polled. The jury convicted Snook on count I and acquitted him on count II. After the jury was excused, the trial court issued a bench warrant for Snook's arrest.[2]

Snook next appeared at a hearing approximately two weeks later to quash the warrant. Defense counsel stated:

> Your honor, I believe what we had was somewhat of a phone malfunction here. Mr. Snook and I text one another a lot, and then upon him getting voicemail and actually–perhaps with the phone text messaging, he immediately contacted me and was obviously very upset about this.
> We immediately got on the court's schedule as soon or as quick as we could in order to be able to come back before this court to let the court know that there was nothing intentional about it, nothing done on purpose.

Snook appeals.

## ANALYSIS

*Severance*

Snook contends that the trial court abused its discretion in denying his motion to sever the two counts for trial. We disagree.

CrR 4.3 provides:

---

[2] Snook was still not present when the recording stopped at approximately 1:24 p.m.

(a) Joinder of Offenses. Two or more offenses may be joined in one charging document, with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

However, properly joined offenses may be severed if "the court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense." CrR 4.4(b).

A defendant seeking severance has the burden of demonstrating that trying the counts together would be manifestly prejudicial and outweigh any concern for judicial economy. State v. Bythrow, 114 Wn.2d 713, 718, 790 P.2d 154 (1990). Four factors mitigate the potential prejudice to a defendant, none of which are dispositive: "(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial." State v. Russell, 125 Wn.2d 24, 63, 882 P.2d 747 (1994). The failure of the trial court to sever counts is reversible only upon a showing that the court's decision was a manifest abuse of discretion. Bythrow, 114 Wn.2d at 717.

As to the first factor, the strength of evidence, the evidence for count I was strong. Snook was discovered in the house and admitted that he entered the house in order to take property from it. But the only evidence supporting count II was blurry footage from a security camera of a man outside the house who

resembled Snook. Thus, the evidence on the count II was much weaker. However, the concern about strength of evidence is that where "the prosecution tries a weak case or cases, together with a relatively strong one, a jury is likely to be influenced in its determination of guilt or innocence in the weak cases by evidence in the strong case." State v. Hernandez, 58 Wn. App. 793, 801, 794 P.2d 1327 (1990). Here, the jury acquitted Snook on count II. Thus, it is clear that the jury was not unduly influenced by the stronger evidence on count I.

The second factor, clarity of defenses, requires review of whether the defendant's defenses to each count was prejudiced by joinder. Russell, 125 Wn.2d at 64. Prejudice may result where a defendant may become embarrassed or confounded in presenting separate defenses. Bythrow, 114 Wn.2d at 718. Here, Snook's defense to count I was that he did not make the incriminating statements police ascribed to him and that he did not intend to commit a crime. Snook's defense to count II was that he was not the individual in the security footage. These defenses were not antagonistic, nor were they likely to confuse the jury.

Third, we consider whether the trial court provided the jury with instructions that they should consider each count separately. Here, the trial court did so. Instruction 3 provides:

> A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

A jury is presumed to follow the instructions it is given. State v. Lough, 125 Wn.2d 847, 864, 889 P.2d 487 (1995). And "[w]hen the issues are relatively

simple and the trial lasts only a couple of days, the jury can be reasonably expected to compartmentalize the evidence." Bythrow, 114 Wn.2d at 721 (citing United States v. Brady, 579 F.2d 1121, 1128 (9th Cir.1978)). This explicit instruction would have mitigated any prejudice to Snook from joining the two counts.[3]

Finally, we consider whether the evidence on each count would have been cross admissible even if not joined for trial. Here, the trial court noted that the evidence would have been cross admissible as evidence of a common scheme or plan. Under ER 404(b), evidence of prior bad acts is admissible to show a common scheme or plan if the prior acts are sufficiently similar to the crime charged and not too remote in time. Lough, 125 Wn.2d at 860. Here, the State alleged that Snook had burglarized the same house, which he knew to be unoccupied, twice within a two-week period. This evidence demonstrates Snook's burglaries were part of a common scheme or plan and would likely be cross admissible in separate trials even if severance were granted.

Taken together, these four factors weigh against severance. The trial court did not abuse its discretion in denying Snook's motion to sever.

---

[3] Citing State v. Sutherby, 165 Wn.2d 870, 885-86, 204 P.3d 916 (2009), Snook argues that this instruction was insufficient because the jury was not also instructed it was prohibited from using evidence of one crime to decide guilt for the other crime. But Sutherby is distinguishable. Sutherby involved child sex offenses and our Supreme Court recognized that "[i]n this context there is a recognized danger of prejudice to the defendant even if the jury is properly instructed to consider the crimes separately" because "joinder of charges can be particularly prejudicial when the alleged crimes are sexual in nature". Sutherby, 165 Wn.2d at 884 (emphasis added). Moreover, in Sutherby, the prosecutor repeatedly argued the jury should consider evidence supporting one charge to determine the defendant's guilt on a separate charge of an unrelated crime.

*Right to Be Present*

Snook contends that the trial court violated his constitutional right to be present when it accepted the verdict in his absence. A criminal defendant has a right under the federal and state constitutions to be present during all critical stages of his trial, "including . . . the rendering of the verdict." U.S. Const., amendments 5, 6, 14; Wash. Const. Art. 1, sec. 22; State v. Pruitt, 145 Wn. App. 784, 800, 187 P.3d 326, 334 (2008). However, this right is not absolute. State v. Thurlby, 184 Wn.2d 618, 624, 359 P.3d 793 (2015). A defendant may waive the right to be present at trial provided the waiver is knowing and voluntary. Thurlby, 184 Wn.2d at 624. If a trial has begun in the defendant's presence, a subsequent voluntary absence of the defendant operates as an implied waiver of the right to be present. Thurlby, 184 Wn.2d at 624. "In determining whether a defendant's absence was voluntary, the trial court must (1) make a sufficient inquiry into the circumstances of a defendant's disappearance to justify a finding whether the absence was voluntary; (2) make a preliminary finding of voluntariness (when justified); and (3) afford the defendant an adequate opportunity to explain his absence when he is returned to custody and before sentence is imposed." State v. Atherton, 106 Wn. App. 783, 788, 24 P.3d 1123 (2001).

Whether a defendant's right to be present has been violated is a question of law we review de novo. State v. Irby, 170 Wn.2d 874, 880, 246 P.3d 796 (2011). "A violation of the due process right to be present is subject to harmless error analysis." Irby, 170 Wn.2d at 885. The State bears the burden of proving beyond a reasonable doubt that the error is harmless. Irby, 170 Wn.2d at 886.

Here, the trial court appropriately inquired into the circumstances of Snook's absence. The record shows that the trial court notified parties at noon to appear for the verdict at 1:00 p.m. We can infer from the record that defense counsel attempted to contact Snook, either by text message or by voicemail, but did not speak with him directly. Defense counsel did not know where Snook was or if he planned to be present. The trial court properly made a preliminary finding that Snook's absence was voluntary. See, e.g., United States v. Friedman, 593 F.2d 109, 121 (9th Cir. 1979) (defendant voluntarily waived his right to be present for the taking of the verdict by disobeying the court's instructions to remain near enough to the courthouse to return within 15 minutes of receipt of notice of the return of the jury). The trial court noted that it was particularly concerning that Snook had failed to appear for the verdict, as it implied that Snook had absconded. Finally, the trial court gave Snook an opportunity to explain the reasons for his absence prior to imposing the sentence. Though Snook stated that his absence was not "intentional," he did not give a reason for his absence that contradicted the trial court's finding of voluntariness.

Moreover, even if the trial court had erred in accepting the verdict in Snook's absence, any error was harmless. Snook has not identified how the outcome of the proceedings was prejudiced by the error, nor is any prejudice apparent. "[I]t is unlikely that a juror will change his vote merely because defendant is present at return of the verdict and polling." Rice v. Wood, 77 F.3d 1138, 1144 (9th Cir. 1996).

### Cumulative Error

Finally, Snook argues that cumulative errors deprived him of his right to a fair trial. The cumulative error doctrine applies to cases where "there have been several trial errors that standing alone may not be sufficient to justify reversal but when combined may deny a defendant a fair trial." State v. Greiff, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). Because Snook has not shown that he suffered any prejudice from any of the alleged errors, cumulative error does not warrant reversal here.

Snook asks this court to waive appellate costs. Appellate costs are generally awarded to the substantially prevailing party on review. However, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. Here, Snook was found indigent by the trial court. If the State has evidence indicating that Snook's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner.

Affirmed.

_Mann, J._

WE CONCUR:

_Trickey, ACJ_        _Leach, J._

-9-