

**FILED**
**APRIL 26, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35050-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL ROBERT DAGGETT, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — M.D. appeals from a juvenile adjudication finding that he had committed fourth degree assault. Because the sole issue raised by the appeal has been resolved, albeit in an untimely manner, we dismiss the appeal and direct that no costs will be awarded.

The adjudication was conducted in the Whitman County Juvenile Court on January 26, 2017. M.D. filed a notice of appeal on February 6, 2017. JuCR 7.11(d) requires the entry of written findings in every case that is appealed. The burden is on the prosecutor to submit written findings "within 21 days after receiving the juvenile's notice of appeal." *Id.* The rule does not set a deadline for the trial court to enter findings.

Our record does not reflect when the prosecutor submitted proposed findings. The brief of appellant noted the absent findings on July 14. The trial court entered findings on October 3, 2017, and the prosecutor filed the brief of respondent the following day. That brief noted that the findings had now been entered. However, the findings were never designated to this court as Clerk's Papers. It also does not appear that notice of the entry of findings was accorded counsel for the appellant. *See, e.g.*, *State v. Corbin*, 79 Wn. App. 446, 451, 903 P.2d 999 (1995) (appellate counsel entitled to notice of presentment and copy of late findings).

This court noted the absence of findings from the appellate record and directed that they be designated to this court and that a copy be provided to appellant's counsel. Appellant's counsel subsequently notified us by letter that no additional briefing would be necessary. The letter also noted, quite properly, that the written findings accurately reflected the judge's oral ruling.

Since the sole relief sought by the appellant was remand for entry of findings, this appeal is moot as we can no longer afford appellant any relief. *E.g.*, *In re Det. of LaBelle*, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). On that basis, we dismiss this appeal.

Nonetheless, we note that the case should not have proceeded to this point. In an ideal world, appellant would have filed motions to compel entry of the necessary findings and stay his briefing obligation until after the findings had been entered. Even without

No. 35050-9-III
*State v. M.R.D.*

that motion, the prosecutor should have promptly submitted findings to the trial court and could have sought a stay of briefing pending entry of the findings if it appeared that the trial judge was going to need time to enter them. Respondent also should have notified appellant's counsel about the proposed findings and presentation. *Corbin*, 79 Wn. App. 446. Upon entry, respondent should have promptly submitted the findings to this court by designating them as Clerk's Papers.

Although the appeal was taken before the findings needed to be entered, we cannot say that appellant would have pursued this appeal further if the findings were timely entered. Under the circumstances, we waive costs.

Dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.

3