# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>v.<br><br>I.N.A.,<br><br>               Appellant. | DIVISION ONE<br><br>No. 79587-2-I<br><br>PUBLISHED OPINION<br><br>FILED: July 29, 2019 |

DWYER, J. — It sometimes happens that a party's litigation transgressions are so repeated, and so significant, that justice does not allow for them to be ignored. Such is the case herein.

I.N.A., a first-time juvenile offender, was sentenced to a manifest injustice disposition of 24 to 32 weeks in total confinement. She appealed. We granted the appeal expedited status. But our review has been compromised by the transgressions of the prosecutor. First, the prosecutor did not timely act to obtain the proper entry of necessary findings of fact and conclusions of law. After our clerk of court ordered him to do so, the prosecutor obtained findings and conclusions—but in an ex parte proceeding of which no notice was given to I.N.A. or her attorney of record. I.N.A. properly complained of this and briefed the issue in her merits brief. The prosecutor decided not to address the matter in the brief of respondent—other than to direct the court's attention to an entirely

different pleading, in the event that the court was in any way interested in the State's thoughts on the matter.

So now we have a choice: (1) remand the matter again to the juvenile court for proper presentation and entry of findings and conclusions (a time-consuming process completely contrary to our decision to expedite this appeal), or (2) decide the case as if the findings and conclusions were never entered. Believing that the State should not be allowed to deprive an incarcerated juvenile offender of the benefit of expedited review simply by violating applicable rules of procedure, we choose the latter course. Accordingly, because the manifest injustice disposition is not supported by findings of fact and conclusions of law that set forth the juvenile court's basis for varying from a standard range disposition, we reverse with instructions to impose a standard range disposition.

I

The principles underlying our resolution of the matter are easy to elucidate.

A juvenile court may depart from a standard range disposition only if it concludes that a standard range disposition would effectuate a manifest injustice. RCW 13.40.160(2); State v. Tai N., 127 Wn. App. 733, 741, 113 P.3d 19 (2005); State v. J.N., 64 Wn. App. 112, 113-14, 823 P.2d 1128 (1992). A "manifest injustice" results if a standard range disposition "would either impose an excessive penalty on the juvenile or would impose a serious, and clear danger to society in light of the purposes" of the Juvenile Justice Act of 1977, chapter 13.40 RCW. RCW 13.40.020(19).

2

When a juvenile court concludes that a manifest injustice disposition is appropriate, it must "enter[] its reasons for its conclusion." RCW 13.40.160(2). These must be reduced to formal written findings of fact and conclusions of law if the case is appealed. JuCR 7.11(d). "The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal." JuCR 7.11(d).

We have previously held that "[b]asic due process and the governing criminal rules require notice of court proceedings to counsel of record." State v. Pruitt, 145 Wn. App. 784, 792, 187 P.3d 326 (2008). In that case, we also held that service upon a party's former lawyer "does not excuse [the] failure to notify [a party's] appellate counsel, the only counsel of record at the time." Pruitt, 145 Wn. App. at 793. We may "disregard" findings and conclusions that are obtained without proper notice to counsel. State v. Nava, 177 Wn. App. 272, 289 n.6, 311 P.3d 83 (2013). See also State v. Corbin, 79 Wn. App. 446, 451, 903 P.2d 999 (1995) (even when trial counsel remains as counsel of record, notice should also be given to appellate counsel).

In an appellate court, it is improper to attempt to "incorporate by reference" into a party's merits brief arguments made in other pleadings. State v. Gamble, 168 Wn.2d 161, 180, 225 P.3d 973 (2010) ("argument incorporated by reference to other briefing is not properly before this court"); Diversified Wood Recycling, Inc. v. Johnson, 161 Wn. App. 859, 890, 251 P.3d 293 (2011) ("We do not permit litigants to use incorporation by reference as a means to argue on appeal or to escape the page limits for briefs set forth in RAP 10.4(b)."); Kaplan v. Nw. Mut.

Life Ins. Co., 115 Wn. App. 791, 801 n.5, 65 P.3d 16 (2003). Instead, the proper approach is for the attorney to set forth the party's complete argument in the argument section of the merits brief. See RAP 10.3(a), (b).

II

A

I.N.A., a first-time juvenile offender, was originally granted a deferred disposition. She did not satisfy the conditions placed on her and the deferred disposition was properly revoked. At her new disposition hearing, a standard range disposition would have called for local sanctions, including the possibility of several days of incarceration. The juvenile court believed the standard range to be insufficient. Hence, a manifest injustice disposition of 24 to 32 weeks of total incarceration was imposed.

As was her right, I.N.A. appealed. We granted the appeal expedited status. See RAP 18.13. Briefs have been filed. Oral argument has taken place.

As indicated above, the prosecutor did not timely secure the entry of findings of fact and conclusions of law. Only after this court, by way of a clerk's order, commanded that it be done were findings and conclusions entered. But they were entered in an ex parte proceeding, of which no notice was given to appellant or her counsel of record.

In an adult criminal case, in which sentencing is conducted pursuant to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, the remedy for such a transgression is clear. When findings of fact and conclusions of law are not properly entered in support of an exceptional sentence upward, the appellate

court should remand the matter for the proper entry of such findings. State v. Friedlund, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015). But, of course, in such situations, time is not of the essence. An exceptional sentence upward in an SRA sentencing results in a lengthy term of incarceration—hence, there is plenty of time to secure necessary findings and conclusions to permit proper appellate review.

B

But is that the proper remedy here? Is it so that the only remedy available to I.N.A. for the State's transgressions is another remand?

Two concerns are significant. First, we have already remanded this matter for the proper entry of findings and conclusions. Unfortunately, our first order did not bring about the necessary compliance. Must we simply repeat ourselves?

Second, here, time is of the essence. This is an expedited appeal. I.N.A. is serving a term of weeks—not years—in total custody. At oral argument, it became clear that, if we remand the matter yet again for proper entry of the findings and conclusions, I.N.A. will have served her entire term of incarceration before the matter can be returned to us for decision.

Our Supreme Court (and the United States Supreme Court) have made it clear that, in the criminal justice system, "'children are different.'" State v. Houston-Sconiers, 188 Wn.2d 1, 8, 391 P.3d 409 (2017) (quoting Miller v. Alabama, 567 U.S. 460, 480, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). Our Supreme Court has repeatedly cited the special concerns attendant to youth as a

reason to, under appropriate circumstances, treat youthful offenders differently than we treat older offenders. See, e.g., Houston-Sconiers, 188 Wn.2d at 9; State v. Ramos, 187 Wn.2d 420, 443-44, 387 P.3d 650, cert. denied, 138 S. Ct. 467, 199 L. Ed. 2d 355 (2017); State v. O'Dell, 183 Wn.2d 680, 697-98, 358 P.3d 359 (2015). Treating youthful offenders differently can, of course, mean resolving their cases differently by imposing different remedies.

### C

Accordingly, in this case, given that time is of the essence, given that the passage of time can completely deprive I.N.A. of the benefit of the expedited review that she properly sought and was granted, and given that we have once before (albeit unsuccessfully) remanded this matter for proper entry of findings and conclusions, we will not yet again impose remand as a remedy. Instead, we will proceed with our review as if no findings and conclusions had been entered. This is the only fair remedy available.

### III

When a juvenile's case is appealed, a manifest injustice disposition must be accompanied by written findings of fact and conclusions of law setting forth the juvenile court's reasons for not imposing a standard range disposition. RCW 13.40.160(2); JuCR 7.11(d). Given our resolution of the issue presented in Section II, the challenged disposition herein is not supported by the necessary findings. Thus, the juvenile court's decision cannot be upheld.

Accordingly, we remand this matter to the juvenile court with instructions to vacate the manifest injustice disposition and impose a standard range disposition.

Reversed.

_____ Dwyer, J.

WE CONCUR:

_____ Mann, A.C.J.

_____ Schindler, J.