IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 78585-1-I |
| | ) | |
| | ) | |
| | ) | |
| G.D., | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 28, 2019 |
| | ) | |

VERELLEN, J. — G.D. appeals the trial court's 14-day involuntary commitment order, arguing the findings of fact are insufficient. After G.D. filed a notice of appeal, the trial court entered specific detailed findings of fact to supplement the general "boilerplate" findings entered at the completion of the commitment hearing. We grant G.D.'s motion to strike the supplemental findings because the State failed to give notice to appellate counsel and failed to comply with RAP 7.2. Because the initial boilerplate findings are insufficient to permit meaningful review, we reverse.

## FACTS

On June 4, 2018, G.D. went to Virginia Mason Hospital in Seattle. She was convinced radio frequency identification chips had been implanted in her body. She asserted that she would remove the chips herself if she did not receive

medical help. A designated medical health professional petitioned to detain G.D. for 14 days of involuntary mental health treatment.

The court held a probable cause hearing on June 6, 2018. The court determined G.D. presented a likelihood of serious harm to herself. The court entered boilerplate findings of fact on the same day.

On June 22, 2018, G.D. filed a notice of appeal. And on September 7, 2018, the trial court entered supplemental findings of fact and conclusions of law.

## ANALYSIS

G.D. moves to strike the September 7 supplemental findings of fact and contends the June 6 findings are not sufficiently specific to permit meaningful review.

MPR 2.4(4) provides:

> At the conclusion of the [probable cause] hearing, the court shall make written findings of fact and conclusions of law, and enter an order for release or for detention for an additional 14 days in an evaluation and treatment facility, or such lesser treatment as shall to the court appear proper.

"Generally, where findings are required, they must be sufficiently specific to permit meaningful review."[1] To be sufficiently specific, the findings should indicate the facts which support the conclusions.[2]

In In re Detention of LaBelle, our Supreme Court considered the following boilerplate findings in an involuntary commitment order: "The Court finds by clear,

---

[1] In re Det. of LaBelle, 107 Wn.2d 196, 218, 728 P.2d 138 (1986).

[2] Id.

2

cogent, and convincing evidence that: . . . (c) The respondent is gravely disabled."[3] The court decided, "[T]he written findings here are not sufficiently specific to permit meaningful review. The language used is standardized and of necessity very general. The findings do not indicate the factual bases for the trial court's ultimate conclusion of grave disability.[4]

Here, on June 6, 2018, the same day as the commitment hearing, the court entered the following check-the-box findings:

> ☒ RCW 71.05.240 Probable Cause Hearing. Petitioner has proven the following by a preponderance of the evidence:
>
>> ☒ Likelihood of Serious Harm. The Respondent, as a result of a mental disorder, presents a likelihood of serious harm
>>
>>> ☐ to others;
>>> ☒ to himself/herself;
>>> ☐ the property of others.[5]

Under LaBelle, these findings are not sufficiently specific to permit meaningful appellate review because they do not indicate the factual bases for the court's conclusion that G.D. presents a likelihood of serious harm to herself. Even though the court's June 6 oral ruling offered more details, MPR 2.4(3) requires written findings, and LaBelle requires that those written findings be sufficiently specific to permit meaningful review.

---

[3] 107 Wn.2d 196, 218, 728 P.2d 138 (1986).

[4] Id. at 219.

[5] Clerk's Papers at 18.

On June 22, 2018, G.D. filed a notice of appeal in the trial court. On September 7, 2018, the court entered supplemental findings and conclusions. On November 29, 2018, G.D. filed her opening brief and moved to strike the supplemental findings. G.D. argues we must strike the supplemental findings because they violate RAP 7.2.

RAP 7.2 governs the authority of the trial court after review is accepted. Here, we accepted review when G.D. filed a notice of appeal in the trial court on June 22, 2018.[6]

The State argues King County Superior Court Local Mental Proceeding Rule (LMPR) 1.11 allowed the trial court to enter supplemental findings after G.D. filed a notice of appeal. LMPR 1.11(a) permits the court to enter initial abbreviated written findings. LMPR 1.11(b) provides:

> <u>The Court shall enter supplemental written findings and conclusions in a case that is appealed to the courts of appeal. The findings and conclusions may be entered after the notice of appeal is filed.</u> The prosecution must submit such proposed findings and conclusions, together with a copy of the taped report of proceedings, to the appropriate Judge or Commissioner, and opposing counsel of record within 21 days after receiving the respondent's notice of appeal.[7]

But the local rule cannot not allow the State to ignore the requirements of RAP 7.2. Under RAP 7.2(a), "[a]fter review is accepted by the appellate court, the

---

[6] RAP 6.1 (appellate court accepts review of a matter appealable as a matter of right when the notice of appeal is filed in the trial court).

[7] (Emphasis added.)

trial court has authority to act in a case only to the extent provided in this rule."

RAP 7.2(e) provides:

> The trial court has authority to hear and determine (1) postjudgment motions authorized by the civil rules, the criminal rules, or statutes, and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. The postjudgment motion or action shall first be heard by the trial court, which shall decide the matter.

However, "[i]f the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision."[8]

Here, the entry of the supplemental findings did change the decision under appellate review. As discussed above, the June 6 boilerplate findings are insufficient to permit meaningful review. Expanding those boilerplate findings to include specific details about G.D.'s statements, conduct, and mental status necessarily changed the involuntary commitment order under review. As a result, the State was required to obtain this court's permission prior to formal entry of the supplemental findings of fact. We are certain the local rule was not intended to evade the requirements of RAP 7.2, but here, it is clear the State did not satisfy the requirements of RAP 7.2.

Additionally, "[w]e may 'disregard' findings and conclusions that are obtained without proper notice to counsel."[9] Here, the trial court entered the

---

[8] RAP 7.2(e).

[9] State v. I.N.A., 9 Wn. App. 2d 422, 426, 446 P.3d 175 (2019) (quoting State v. Nava, 177 Wn. App 272, 289, n.6, 311 P.3d 83 (2013)).

5

supplemental findings after appellate counsel was appointed. Although the State obtained trial counsel's approval, the State did not give notice to appellate counsel prior to entry of the supplemental findings. Once the notice of appeal was filed and the trial court entered the order of indigency approving appointment of appellate counsel, the State was required to give notice to G.D.'s appellate counsel. This court has condemned the lack of "basic due process" inherent in failing to notify a party's appellate counsel of a motion seeking the entry of new or supplemental findings of fact in the trial court.[10]

Given the lack of notice to G.D.'s appellate counsel and the lack of compliance with RAP 7.2, we grant G.D.'s motion and strike the September 7 supplemental findings. Consistent with the State's concession at oral argument, we conclude the June 6 boilerplate findings of fact are insufficiently specific under LaBelle.

Therefore, we reverse.

WE CONCUR:

---

[10] Id. at 176-77 (quoting State v. Pruitt, 145 Wn. App. 784, 793, 187 P.3d 326 (2008); State v. Corbin, 79 Wn. App. 446, 451, 903 P.2d 999 (1995)).